**In re Elaine DENNIS, Debtor.**

**ADVANCE MORTGAGE CORPORATION, Plaintiff,**

**v.**

**Elaine DENNIS, Debtor,**

**and**

**James J. O'Connell, Trustee, Defendants.**

**Bankruptcy No. 81–00128G. Adv. No. 81–0311G.**

United States Bankruptcy Court, E. D. Pennsylvania.

Sept. 16, 1981.

David J. Groth, Philadelphia, Pa., for plaintiff, Advance Mortgage Corp.

David Paul Daniels, Camden, N. J., for debtor/defendant, Elaine Dennis.

James J. O'Connell, Philadelphia, Pa., trustee/defendant.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The issue presented is the validity of a sheriff's sale of the real property of the debtor held on the day after the debtor had

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of

filed a petition under chapter 13 of the Bankruptcy Code ("the Code"). We conclude that the sale of that property by the sheriff to the mortgagee was a violation of the automatic stay provisions of § 362(a) of the Code. Furthermore, we conclude that, because the sale has not yet been perfected, that sale does not fall within § 549(c) of the Code which excepts certain postpetition transactions from avoidance by the debtor or trustee.

The facts of the instant case are as follows:[1] Elaine Dennis ("the debtor") filed a petition for an adjustment of her debts under chapter 13 of the Code on January 15, 1981. Advance Mortgage Corporation ("the mortgagee") held a mortgage on realty owned by the debtor and her husband and located at 2018 W. 6th Street, Chester, Delaware County, Pennsylvania. Prior to that time, the mortgagee had commenced mortgage foreclosure proceedings on the property and a sheriff's sale was scheduled for January 16, 1981.

On the morning of the scheduled sale, counsel for the debtor had his office contact the office of the counsel for the mortgagee and left a message that the debtor had filed a petition under chapter 13 the previous day. However, the message was not delivered and neither the attorney for the mortgagee nor the sheriff of Delaware County were informed and the sale of the debtor's property was held on that day. At that sale the property was sold to the counsel for the mortgagee for costs. Thereafter, both the sheriff and the attorney for the mortgagee received a copy of the debtor's petition. The sheriff has since refused to issue a deed to that property, whereupon the mortgagee filed this complaint for an order validating the sheriff's sale.

Section 362(a) of the Code provides an automatic stay of certain actions once a petition under the Code is filed, including:

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or

the Rules of Bankruptcy Procedure.

other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;

(3) any act to obtain possession of property of the estate or of property from the estate;

(4) any act to create, perfect, or enforce any lien against property of the estate. . . .

█ From the above, it is clear that the action of the mortgagee and the sheriff in continuing with the sheriff's sale after the debtor had filed her petition was a violation of the automatic stay. However, inasmuch as the mortgagee and sheriff had no notice of the pending bankruptcy proceedings, they cannot be held in contempt for their actions.[2] Nonetheless, since those actions were in violation of the automatic stay, they are null and void unless otherwise so provided in the Code.[3]

█ The mortgagee, however, asserts that the instant case falls within § 549(c) of the Code which provides an exception to the rule that actions taken in violation of the stay are void. Section 549(c) states:

(c) The trustee *may not avoid* under subsection (a) of this section *a transfer*, to a good faith purchaser without knowledge of the commencement of the case and for present fair equivalent value or *to a purchaser at a judicial sale of real property located other than in the county*

*in which the case is commenced, unless a copy of the petition was filed in the office where conveyances of real property in such county are recorded before such transfer was so far perfected that a bona fide purchaser of such property against whom applicable law permits such transfer to be perfected cannot acquire an interest that is superior to the interest of such good faith or judicial sale purchaser.*

11 U.S.C. § 549 (emphasis added).

We find that the sale in the instant case was a transfer to a purchaser at a judicial sale of real property located in a county (Delaware County) other than the county in which the chapter 13 case was filed (Philadelphia County). However, we find further that the sale herein fits within the exception to § 549(c) because that sale has not been "so far perfected that a bona fide purchaser of such property. . . cannot acquire an interest that is superior to the interest of such. . .judicial sale purchaser." *Id.*

Under Pennsylvania law, a purchaser at a judicial sale does not acquire perfected legal title in the property until the sheriff has issued a deed, the deed has been acknowledged by the prothonotary and it has been delivered to the appropriate officers for recording.[4] In the instant case none of these requirements have been met and, thus, the mortgagee does not hold perfected title to the premises *vis a vis* a bona fide purchaser at the present time. Consequently, we conclude that the mortgagee has failed to establish that the sheriff's sale in this case fits within the provisions of § 549(c) of the Code and that sale is, therefore, null and void as a violation of the automatic stay provisions of the Code.

---

2. In order to find a person in contempt of court, there must be a "specific and definite" order of the court which the person has violated and the person must have had actual knowledge of that order. *See Fidelity Mortgage Investors v. Camilia Builders, Inc.*, 550 F.2d 47 (3d Cir. 1976), *cert. denied*, 429 U.S. 1093, 97 S.Ct. 1107, 51 L.Ed.2d 540 (1977); *United States v. Christie Industries, Inc.*, 465 F.2d 1002 (3d Cir. 1972); *In re Rubin*, 378 F.2d 104 (3d Cir. 1967); *In re Abt*, 2 B.R. 323, 5 B.C.D. 1237 (Bkrtcy.E.D.Pa. 1980).

3. *See* 2 Collier on Bankruptcy ¶ 362.11 (15th ed. 1981) and cases cited therein. *See also*, 11 U.S.C. § 549(a) which allows the trustee to avoid any transfer which occurs after the filing of a petition under title 11.

4. *See* Pa.Stat.Ann. tit. 12, §§ 2447, 2531, 2537 and 2547 (Purdon); Pa.Stat.Ann. tit. 42, Rules 3132 and 3135 (Purdon). For an excellent analysis of Pennsylvania law and cases on this point, *see In re Russell*, 8 B.R. 342 (Bkrtcy.W. D.Pa.1980).