**In re Thomas and Sue FERRANDO, Debtors.**

**Bankruptcy No. 882–82364–20.**

United States Bankruptcy Court, E.D. New York.

May 9, 1983.

Wolin & Wolin by Alan E. Wolin, Mineola, for debtors.

Reid & Priest, New York City, for Payton-Wright Ford Sales, Inc.; Kathryn G. Ward, New York City, of counsel.

ROBERT JOHN HALL, Bankruptcy Judge.

The Court has before it the motion of Sue Ferrando (the debtor) which seeks an order adjudging the First National Bank of Grapevine, Texas (the Bank) and Payton-Wright Ford Sales, Inc. (Payton-Wright) to be in contempt of Court for violating 11 U.S.C. § 362. Motion denied.

*Findings of Fact*

On March 26, 1981 the debtor purchased a 1979 Ford Fairmont automobile from Payton-Wright for $4,921.20, including finance charges, on a 36-month payment schedule with the first installment being due on May 10, 1981. Payton-Wright then transferred the contract with full recourse to the Bank. On or about May of 1982, the debtor stopped making the car payments whereupon Payton-Wright repurchased the contract from the Bank by the payment of $3,627.45 in the form of a check dated September 2, 1982. The debtor was given no notice of the repurchase.

Thereafter, on September 14, 1982, the debtor and her spouse filed a voluntary joint petition under chapter 7 of the Bankruptcy Code, 11 U.S.C. § 701 *et seq.* (Supp. IV 1980). The Bank was listed as a creditor; Payton-Wright, however, was not. The debtor listed the car as a non-exempt asset and then offered to purchase the car from the estate for $200. William Brown (the Trustee) accepted the offer subject to Court approval and notice to that effect was given. Based on the lack of any objections or higher offers, the Trustee sold the estate's interest in the car, *subject to all liens,* to the debtor's spouse for $200 by a Bill of Sale dated December 15, 1982.

In the interim, however, Payton-Wright, having received no notice of the bankruptcy nor having any independent knowledge thereof repossessed the car on or about December 6, 1982. Immediately thereafter, the debtor's counsel contacted Payton-Wright and apparently demanded the return of the car which was refused precipitating the instant motion.

The motion papers were filed on January 5, 1983 and originally returnable on January 24, 1983. The hearing, however, was adjourned until February 24, 1983 at which time Payton-Wright commenced an adversary proceeding to vacate the section 362 stay that it might dispose of the car. The Court heard oral argument at the February 24 hearing and then reserved decision pending the outcome of the proceeding to vacate the stay. That proceeding was adjourned on consent until April 28, 1983 at which time the Court determined that the debtor had failed to provide Payton-Wright with adequate protection for its interest and ordered the section 362 stay vacated. *See* 11 U.S.C. § 362(d).

*Conclusions of Law*

1. The Bank did not violate 11 U.S.C. § 362.

2. Payton-Wright did not violate 11 U.S.C. § 362.

3. As between the debtor and Payton-Wright, the latter is entitled to possession of the car.

*Discussion*

As to the Bank, all it did was assign a contract to a third party prior to the debtor's filing, apparently without notice to the debtor. That any payment remitted by the debtor to the Bank would have to be credited against Payton-Wright under such circumstances, the Court has little doubt: but that is not the issue before the Court. And whether the Bank had some duty to notify the debtor of the assignment of the contract, the breach of which might render it liable for damages is another question similarly not before the Court. What is before the Court is the debtor's motion to find the Bank in contempt of Court for violating 11 U.S.C. § 362, which it clearly did not do. It did not repossess the car; Payton-Wright did.

As to Payton-Wright, it is uncontested that it had neither notice nor knowledge of the filing of the petition. Consequently, its repossession of the car was not contemptuous.

■ The debtor argues that she gave what notice she could by scheduling the entity to whom she made the car payments, *i.e.,* the Bank. What the debtor fails to recollect, however, is that she purchased the car from Payton-Wright and originally promised payment thereto. That the debtor did not think to include that promisee as a contingent creditor in her schedules is no one's fault but her own.

More troublesome is the issue of a secured creditor's obligations after innocently seizing bankruptcy estate assets in an unknowing violation of section 362. Must he return the assets *sua sponte;* must he commence an action to vacate section 362; or may he take no further action, and leave the debtor or trustee to protect their own rights. *Compare Abt v. Household Finance Co. (In re Abt),* 2 B.R. 323 (Bkrtcy.E.D.Pa. 1980) *with Miller v. Savings Bank of Baltimore (In re Miller),* 22 B.R. 479 (D.Md.1982).

■ Without attempting to define the rule, the Court believes that Payton-Wright has acted properly in this case. It repossessed the car without notice or knowledge of the bankruptcy. Upon learning of the bankruptcy, it took no further action to dispose of the car except to commence an action in this Court which sought permission to that end. Finally, Payton-Wright was successful in establishing its right to continue its state law enforcement remedies. To suggest that Payton-Wright had to bear the added expense and inconvenience of reconveying the car in the interim or suffer the sanction of contempt when the entire situation was created by the debtor's failure to list Payton-Wright as a creditor to begin with is a position the Court will not endorse. *Cf. In re Smith Corset Shops, Inc.,* 696 F.2d 971 (1st Cir.1982).

Accordingly, the motion must be and hereby is denied. So Ordered.