In re STEPHEN W. GROSSE, P.C., f/t/a Martin Gorman Dental Pavillion, et al. Jointly Administered with Stephen W. Grosse, Barry A. Dubin, D.D.S., P.C. f/d/b/a Dental Dimensions, et al., Debtors.

Barry A. DUBIN, Plaintiff,

v.

Frank JAKOBOWSKI, Defendant.

Bankruptcy No. 83–01694G.
Adv. No. 84–0297G.

United States Bankruptcy Court,
E.D. Pennsylvania.

Jan. 9, 1987.

Myron A. Bloom, Adelman, Lavine, Krasny, Gold & Levin, Philadelphia, Pa., for the plaintiff, Barry A. Dubin.

Frank M. Jakobowski, Philadelphia, Pa., pro se.

## OPINION

BRUCE FOX, Bankruptcy Judge:

Before me is defendant's motion to dismiss plaintiff's complaint. The dispute between the parties arises out of the postpetition garnishment of the plaintiff-debtor's bank account. Plaintiff has filed suit against the attorney of the creditor who garnished his account and seeks injunctive relief as well as damages. Relief is based upon the failure of defendant to comply with the requirements of 11 U.S.C. § 362(a), (the automatic stay) and with the express orders of this court.

To place this motion in its appropriate context, a brief description of the factual background and tortuous procedural history is required. Since this is before me upon a motion to dismiss, plaintiff's factual allegations set out in his complaint are accepted as true, solely for the purpose of deciding this motion. Moreover, reasonable factual inferences will be drawn to aid plaintiff. *D.P. Enterprises v. Bucks County Community College*, 725 F.2d 943 (3d Cir.1984).

## I.

On April 20, 1983, plaintiff filed a voluntary petition in bankruptcy. Although plaintiff owed approximately $3,250.00 to Robert Wolk, as evidenced by a judgment entered in the Court of Common Pleas, Philadelphia County, this debt was not initially scheduled. On January 23, 1984, Wolk began garnishment proceedings by attaching plaintiff's bank account. On January 30, 1984, plaintiff's counsel notified defendant of plaintiff's bankruptcy filing and requested that the attachment lien be lifted. When defendant refused, a contempt motion was filed. By order dated February 27, 1984, this court directed Mr. Wolk to release the attachment lien, with sanctions to be imposed only if he failed to do so promptly. On March 1, 1984, Mr. Wolk notified the court that he instructed his attorney Frank Jakobowski, the defendant herein, to comply with the court order but that defendant refused.

On March 28, 1984, plaintiff filed this adversary proceeding against defendant; Mr. Wolk was not sued. Defendant then filed an answer on April 30, 1984 which responded to plaintiff's allegations but raised no affirmative defenses. On May 1, 1984, defendant also filed a motion to dismiss, claiming that plaintiff's complaint failed to state a cause of action and that this court had no subject matter jurisdiction or in personam jurisdiction to decide the adversary proceeding.

Prior to defendant's answer, this court entered an order on April 26, 1984 granting plaintiff the injunctive relief he sought.[1] Defendant took an appeal from this order to the district court and on February 8, 1985, the district court affirmed the grant of injunctive relief. Among other matters, Judge Fullam noted:

Appellant's remaining arguments reflect a total misunderstanding of bankruptcy law and procedures. Whether or not the Wolk debt is dischargeable in the Dubin bankruptcy has no bearing upon Wolk's, and appellant's, obligations to recognize the automatic stay, and to comply with orders of the bankruptcy judge. The bankruptcy judge had jurisdiction to enter the contempt order against Wolk; this was a "core" proceeding, not a "related" matter. The Court of Common Pleas of Philadelphia County is not the appropriate tribunal for the present dispute. Finally, although irrelevant to the present proceeding, the dischargeability of the Wolk debt is not affected by the inadvertent failure to list it on the A–3 schedule. Wolk was aware of the bankruptcy, the debtor was aware of the debt, and Wolk had (and still has) ample opportunity to file a proof of claim.

Undeterred by the district court's ruling, defendant filed another motion to dismiss on September 29, 1986.[2] In that motion, he again claimed that plaintiff's complaint failed to state a cause of action and he also raised other issues that are difficult to categorize, but probably constitute a request for a more definite statement.

## II.

Before reaching the merits of defendant's motion to dismiss I must consider two preliminary matters. First, plaintiff argues that the motion to dismiss must be denied because the district court has effectively ruled upon the issues raised by the motion and this ruling is the "law of the case."

Under the doctrine of the law of the case, a decision on an issue of law made at one stage of the case becomes a binding precedent to be followed at successive stages of the same litigation.

1B. J. Moore, Federal Practice ¶ 0.404[1], at 117 (1984) ("Moore"); accord, Hayman Cash Register Co. v. Sarokin, 669 F.2d 162 (3d Cir.1982). The doctrine, which promotes both finality and the effective administration of the judicial system has particular relevance when an issue is decided on appeal and the case is remanded. 1B

---

1. Similar orders were entered on May 29, 1984 and June 17, 1985 dissolving the attachment lien. No appeal was taken from these orders.

2. Defendant also filed a motion for recusal and a jury trial demand. These matters have been determined by my order of October 22, 1986.

Moore ¶ 0.404[10]. However, I cannot conclude from the district court's opinion that Judge Fullam held that plaintiff's complaint states a cause of action for damages.[3] Therefore, I must reject plaintiff's assertion that all the issues raised by defendant's motion were previously decided. *See United States v. State of Louisiana,* 669 F.2d 314, 315 (5th Cir.1982) ("[L]aw of the case does not bar consideration of matters that could have been but were not resolved in the earlier proceeding....").

Second, the requirements of Federal Rule of Civil Procedure 12(b) and (g) are applicable to this adversary proceeding by virtue of Bankruptcy Rule 7012. Rules 12(b) and (g) require that most preliminary defenses authorized by Rule 12 be made in one motion and prior to filing an answer. Rule 12(h)(2) permits the defense for failure to state a claim to be raised even after the answer is filed. *See* 2A Moore ¶ 12.05, at 12–34 to 12–35. However, the other ground of defendant's motion, the request for a more definite statement, *see* Rule 12(e), is barred by the filing of an answer. 1B Moore ¶ 12.05, at 12–34. Thus, the only issue left for me to consider is whether plaintiff's complaint states a cause of action.

## III.

A motion to dismiss for failure to state a claim must be denied "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). Here, plaintiff is claiming that defendant both violated an order of this court as well as the provisions of 11 U.S.C. § 362(a) and, as a result,

plaintiff suffered injury. I must conclude, with reference to several well established legal principles, that plaintiff has alleged a valid claim.

Actions by creditors to collect a debt from the debtor, taken after the filing of a bankruptcy petition, are null and void and of no legal effect.[4] *See, e.g. Kalb v. Feuerstein,* 308 U.S. 433, 60 S.Ct. 343, 84 L.Ed. 370 (1940); *Borg-Warner Acceptance Corp. v. Hall,* 685 F.2d 1306 (11th Cir.1982); *In re Eisenberg,* 7 B.R. 683 (Bankr.E.D.N.Y.1980). These actions are invalid even though the creditor had no notice of the bankruptcy filing. *In re Miller,* 22 B.R. 479 (D.Md.1982); *In re Dennis,* 14 B.R. 125 (Bankr.E.D.Pa.1981); *In re Eisenberg.* The lack of notice on the part of the creditor means only that his action was not wilful and therefore not contemptuous. *See Fidelity Mortgage Investors v. Camelia Builders, Inc.,* 550 F.2d 47 (2d Cir. 1976), *cert. denied,* 429 U.S. 1093, 97 S.Ct. 1107, 51 L.Ed.2d 540 (1977); *In re O'Connor,* 42 B.R. 390 (Bankr.E.D.Ark.1984); *Matter of Endres,* 12 B.R. 404 (Bankr.E.D. Wis.1981).

Once a creditor has been notified of the bankruptcy filing, the creditor has a duty to restore the status quo; that is, the creditor should undo its postpetition collection activities without the debtor having to seek affirmative relief from bankruptcy court. *In re Miller; In re Lowry,* 25 B.R. 52 (Bankr.E.D.Miss.1982); *In re Elder,* 12 B.R. 491 (Bankr.M.D.Ga.1981); *Matter of Endres. See also In re Conti,* 42 B.R. 122 (Bankr.E.D.Va.1984).[5] Here, this obligation was especially clear because this court, in February 1984 ordered that the status quo, as of the date the petition was filed, be restored.[6]

---

**3.** Judge Fullam did clearly hold, though, that Bankruptcy Court has jurisdiction over this proceeding and that it is a core proceeding.

**4.** An exception to this would be a transfer within the scope of 11 U.S.C. § 549(c). *See In re McGowan,* 19 B.R. 952 (Bankr.E.D.Pa.1982).

**5.** To the extent *In re Abt,* 2 B.R. 323 (Bankr.E.D. Pa.1980) holds otherwise, I respectfully disagree. *In re Ferrando,* 29 B.R. 696 (Bankr.E.D. N.Y.1983) is also to the contrary because the

court felt it unfair to burden the creditor with the expense required in order to return the repossessed automobile. I do not need to decide now who, in general, should bear such an expense since that issue does not arise in the case at bar.

**6.** Plaintiff seeks damages not only for the period subsequent to the entry of the court's order in February 1984 but also for the period prior to the court's order but after notice was given to defendant of the bankruptcy filing.

The failure of the creditor or the creditor's attorney to abide by the obligation imposed by orders of this court or by the requirements of § 362(a) entitles the debtor to provable compensatory damages. *Matter of Carter*, 691 F.2d 390 (8th Cir.1982); *Borg-Warner Acceptance Corp. v. Hall; In re Miller; see In re Demp*, 23 B.R. 239 (Bankr.E.D.Pa.1982); *In re Walker*, 7 B.R. 216 (Bankr.R.I.1980). *See also, In re Damon*, 40 B.R. 367 (Bankr.S.D.N.Y.1984).[7]

■ Therefore, if plaintiff can prove by the appropriate standard that defendant engaged in conduct which violated either § 362(a) or an order of this court, he would be entitled to compensatory damages. That defendant is an attorney for a creditor does not insulate him from this claim. *Matter of Carter; In re Rhyne*, 59 B.R. 276 (Bankr.E.D.Pa.1986); *In re Demp.*

### IV.

■ In opposing defendant's motion to dismiss, plaintiff seeks counsel fees under Bankr. Rule 9011 and argues that defendant's motion was filed solely to harass and delay plaintiff. *See Cinema Service Corp. v. Edbee Corp.*, 774 F.2d 584 (3d Cir.1985). I shall defer ruling upon this request until the conclusion of the trial on the merits, since plaintiff, if he prevails, may be entitled to counsel fees for the entire adversary proceeding. *Borg-Warner Acceptance Corp. v. Hall; In re Rhyne.* I do note that, while I do not now rule on plaintiff's request, this relatively small dispute has consumed a great deal of judicial and litigant time and expense. In large measure, this has been due to defendant who does not have experience in bankruptcy matters [8] and yet persists in representing himself. Defendant might benefit from experienced bankruptcy counsel.

An appropriate order follows.

---

**7.** Prior to the addition of 11 U.S.C. § 362(h) to the Code in 1984, most courts concluded that debtors could seek compensatory damages by an adversary proceeding *E.g., Matter of Depoy*, 29 B.R. 471 (Bankr.N.D.Ind.1983); *In re Lowry; In re Demp.* I agree.

### ORDER

AND NOW, this 9 day of January, 1987, upon consideration of the Motion of Frank Jakobowski to Dismiss Complaint, all pleadings considered, and after argument on the Motion, it is

ORDERED that the Motion to Dismiss is DENIED.

---

**8.** For example, defendant's memorandum of law in support of his motion cites no bankruptcy decisions.