**In re Joyce PURNELL, Debtor.**

**Joyce PURNELL, Plaintiff,**

v.

**CITICORP HOMEOWNERS SERVICES, INC.**

**and**

**Edward Sparkman, Esquire Standing Chapter 13 Trustee, Defendants.**

**Bankruptcy No. 88–10068F.
Adv. No. 88–2044.**

United States Bankruptcy Court,
E.D. Pennsylvania.

Nov. 2, 1988.

---

Joseph B. Finlay, Jr., Pincus, Bressler, Hahn, Reich & Weinberg, Philadelphia, Pa., for debtor/plaintiff, Joyce Purnell.

Gary McCafferty, Philadelphia, Pa., for defendant, Citicorp Homeowners Services, Inc.

Edward Sparkman, Philadelphia, Pa., Standing Chapter 13 Trustee.

## MEMORANDUM OPINION

BRUCE I. FOX, Bankruptcy Judge:

Two matters have been consolidated for my resolution. Citicorp Homeowners Ser-

vices, Inc.[1] (Citicorp) has moved for relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) on the basis that the debtor's home, at 107 North 2nd Street, Darby, Pa., has already been sold to Citicorp by foreclosure sale. Title having passed, Citicorp contends that it is entitled to relief from the stay for "cause". *Accord, e.g., Matter of Roach*, 824 F.2d 1370 (3d Cir.1987); *In re Brown*, 75 B.R. 1009 (Bankr.E.D.Pa.1987); *In re Rouse*, 48 B.R. 236 (Bankr.E.D.Pa.1985). Second, the debtor has initiated an adversary proceeding to invalidate the foreclosure sale because it occurred after the debtor's chapter 13 bankruptcy case commenced. The debtor maintains that the sale was void as it was in violation of the automatic stay. *See In re Ward*, 837 F.2d 124 (3d Cir.1988). The facts, to the extent presented, are not really controverted.

## I.

In October 1986, the debtor purchased 107 North 2nd Street in Darby, Pa. with Christine Johnson. As the building is a duplex, the debtor resided in one-half of the property with her minor son and Ms. Johnson lived in the other portion. On August 19, 1987, Citicorp commenced a state court foreclosure action against the debtor and Ms. Johnson. On October 22, 1987, judgment by default was entered against both defendants in the amount of $56,116.73. (Exhibit M-2).

On January 7, 1988, the debtor filed a voluntary petition in bankruptcy under chapter 13. Although the chapter 13 petition was filed to stave off foreclosure, and although Citicorp was duly scheduled as a creditor, it is undisputed that Citicorp was not informed of the bankruptcy at the time of this filing and had no knowledge of the filing on January 15, 1988, which is the date the property was sold at a sheriff sale. On January 15, 1988, Citicorp purchased the real property as judgment creditor. A sheriff's deed, in the nominal consideration of $1.00, was acknowledged on February 26, 1988 and recorded on March 10, 1988.

The debtor's schedules were introduced in evidence which reflect her belief that the property was worth but $40,000.00 at the time of the bankruptcy filing. (Schedule B-4 to Exhibit D-1). In addition, the debtor introduced into evidence her plan of reorganization, Exhibit D-2, which proposes to pay Citicorp $12,743.24 to cure her prepetition mortgage arrearage pursuant to 11 U.S.C. § 1322(b)(5).

One fact not offered in evidence is when Citicorp first learned of the debtor's bankruptcy filing, either from the debtor through her former attorney, from the bankruptcy clerk, or from the chapter 13 trustee who normally notifies all creditors of chapter 13 filings. There is also no evidence that the debtor ever recorded her bankruptcy petition in Delaware County where the real estate is located.

## II.

If the debtor cannot set aside the post-petition foreclosure sale to Citicorp, I agree with the creditor that it is entitled to relief from the automatic stay. *Matter of Roach; In re Brown; In re Rouse.* Therefore, the central question becomes whether the sale to Citicorp may be set aside.

### A.

It is generally recognized that actions taken in violation of the automatic stay generated by 11 U.S.C. § 362(a) are null and void. *Kalb v. Feuerstein*, 308 U.S. 433, 60 S.Ct. 343, 84 L.Ed. 370 (1940); *In re Ward*, 837 F.2d 124 (3d Cir.1988); *Borg-Warner Acceptance Corp. v. Hall*, 685 F.2d 1306 (11th Cir.1982). This conclusion follows from the importance of the stay in protecting legitimate interests of both debtors and creditors.

The automatic stay is one of the fundamental debtor protections provided by the bankruptcy law. It gives the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan or simply to be

---

1. The defendant is acting in this litigation through Citicorp Mortgage, Inc.

relieved of the financial pressures that drove him into bankruptcy.

The automatic stay also provides creditor protection. Without it, certain creditors would be able to pursue their own remedies against the debtor's property. Those who acted first would obtain payment of the claims in preference to and to the detriment of other creditors....

Subsection (a) defines the scope of the automatic stay, by listing the acts that are stayed by the commencement of the case. The commencement or continuation, including the issuance of process, of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the bankruptcy case is stayed under paragraph (1). The scope of this paragraph is broad. All proceedings are stayed, including arbitration, license revocation, administrative, and judicial proceedings. Proceeding in this sense encompasses civil actions as well, and all proceedings even if they are not before governmental tribunals.

*Assoc. of St. Croix Condominium Owners v. St. Croix Hotel Corp.*, 682 F.2d 446, 448 (3d Cir.1982) *quoting* H.R.Rep. No. 95–595, 95th Cong. 1st Sess. 340 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787.

■ Whether the creditor knew of this bankruptcy filing prior to taking the prohibited action of foreclosure goes to the question of contempt, not to the legitimacy of the postpetition activity. *See, e.g., In re Ward; In re Wagner*, 74 B.R. 898 (Bankr. E.D.Pa.1987); *In re Stephen W. Grosse, P.C.*, 68 B.R. 847 (Bankr.E.D.Pa.1987). Most courts accept the premise that:

Once a creditor has been notified of the bankruptcy filing, the creditor has a duty to restore the status quo; that is the creditor should undo its postpetition collection activities without the debtor having to seek affirmative relief from bankruptcy court.

*In re Stephen W. Grosse, P.C.*, 68 B.R. at 847. *Accord, e.g., In re Miller*, 22 B.R. 479 (D.C.Md.1982).

There is no dispute that Citicorp took postpetition collection actions to recover on its prepetition secured claim. Those actions were the foreclosure sale of the debtor's home as well as the acceptance and recording of a sheriff's deed.[2] Because these events occurred postpetition, the debtor argues that the transfer was invalid and must be set aside. 11 U.S.C. §§ 522(g), (h), 549(a) (where trustee fails to act, debtor may set aside certain postpetition transfers).[3] Citicorp counters that its transfer, even though postpetition, is protected from avoidance by 11 U.S.C. § 549(c) which validates certain postpetition real estate transfers from the general avoidance provisions of § 549(a).

■ Although courts have noted that actions in violation of the automatic stay are void, they have also recognized that § 549(c) represents an exception to that principle. *See In re Ward; In re Stephen W. Grosse, P.C.* Thus, some courts have suggested that actions in violation of the stay are more accurately classified as voidable. *E.g., In re Oliver*, 38 B.R. 245 (Bankr.D.Minn.1984); *In re Fuel Oil Supply and Terminaling, Inc.*, 30 B.R. 360 (Bankr.N.D.Tex.1983). Semantics aside, the true crux of the dispute is the issue of the applicability of § 549(c).[4]

**2.** Technically, Citicorp foreclosed on the debtor's interest and Ms. Johnson's interest. Although Ms. Johnson is not a debtor, as this case is one under chapter 13, Ms. Johnson's interest was also protected by the so-called co-debtor stay. 13 U.S.C. § 1301(a).

**3.** Citicorp does not challenge the debtor's use of § 549 except insofar as § 549(c) may apply. Thus, I need not discuss the provisions of § 522(g), (h).

**4.** The debtor raises an alternative argument by suggesting that the foreclosure sale may be set aside, by virtue of 11 U.S.C. § 105(a), even if the

postpetition transfer falls within the protection of § 549(c). Respectfully, I disagree. Section 105(a) was not designed to override specific bankruptcy code provisions under the guise of "equitable" considerations. *See Southern Railway Co. v. Johnson Bronze Co.*, 758 F.2d 137, 141 (3d Cir.1985). Section 549(c) represents studied congressional policy choices which are binding upon courts, even "courts of equity." *Matter of Russell*, 8 B.R. 342 (Bankr.W.D.Pa.1980). *See also In re Shoreline Concrete Co., Inc.*, 831 F.2d 903, 905 (9th Cir.1987) ("Courts of equity are bound to follow express statutory commands to the same extent as are courts of law").

## B.

Current 11 U.S.C. § 549(c), as amended in 1984, states:

(c) The trustee may not avoid under subsection (a) of this section a transfer of real property to a good faith purchaser without knowledge of the commencement of the case and for present fair equivalent value unless a copy or notice of the petition was filed, where a transfer of such real property may be recorded to perfect such transfer, before such transfer is so perfected that a bona fide purchaser of such property against whom applicable law permits such transfer to be perfected, could not acquire an interest that is superior to the interest of such good faith purchaser. A good faith purchaser without knowledge of the commencement of the case and for less than present fair equivalent value has a lien on the property transferred to the extent of any present value given, unless a copy or notice of the petition was so filed before such transfer was so perfected.

This subsection was derived from § 21(g) of the Bankruptcy Act of 1898, former 11 U.S.C. § 44(g). *See* Rochelle & Feder, *Unauthorized Sales of a Debtor's Property: The Rights of a Purchaser Under Section 549 of the Bankruptcy Code*, 57 Am. Bankr.L.J. 23 (Winter 1983) ("*Rochelle & Feder*"); 4 *Collier on Bankruptcy* ¶ 549.03[3] (15th ed. 1988). Its purpose was, and is, to protect the innocent purchaser from the unscrupulous debtor:

The purpose of section 549(c) is to protect against a fraudulent debtor selling real property, or its interest therein, to an innocent purchaser who has no knowledge, or reasonable means of knowledge, of the pendency of the bankruptcy case.

4 *Collier on Bankruptcy*, ¶ 549.03[3] at 549–12 (15th ed. 1988) (footnotes omitted). *Accord Report of the Commission on the Bankruptcy Laws of the United States*, H.R. Doc. No. 93–137, 93rd Cong. 1st Sess.

Part II, at 162–64 (1973). As an earlier edition of *Collier* notes:

Where real estate of the bankrupt or in which the bankrupt has an interest is located outside of the county in which the bankruptcy proceeding is pending, it is possible for a fraudulent bankrupt to sell the real estate, or his interest therein, to an innocent purchaser who has no knowledge, or reasonable means of knowledge, of the pendency of the bankruptcy proceeding.

2 *Collier on Bankruptcy*, ¶ 21.30 (14th ed. 1976) (footnotes omitted) (referring to former § 21(g))[5]. Given the importance of the automatic stay to bankruptcy proceedings, the general rule that postpetition transfers are invalid, and the limited purpose of § 549(c), the provisions of this subsection "must be strictly construed", *In re Ward*, 837 F.2d at 127, and the burden of proof falls upon the party seeking to uphold the validity of a postpetition transfer. Bankr. Rule 6001. *See In re Watson*, 65 B.R. 9, 11 (Bankr.C.D.Ill.1986).

## III.

The Third Circuit Court of Appeals, in *In re Ward*, distilled the provisions of § 549(c):

Subsection (c) provides an exception for good faith purchasers who (1) are ignorant of the bankruptcy, (2) pay fair market value for the property, and (3) perfect their title under applicable law so as to defeat a subsequent bona fide purchaser before a notice or copy of the bankruptcy is filed with the appropriate authority.

837 F.2d, at 126 (footnote omitted). Based upon the narrow purpose of this subsection, its strict construction, and the burden upon Citicorp to demonstrate its applicability, I conclude, for a number of related reasons, that the defendant has not established that the instant postpetition transfer should be protected from avoidance.

---

**5.** Former § 21(g), and § 549(c) as it existed prior to its 1984 amendment, reflected certain assumptions no longer applicable to the current version of the subsection. One assumption was that a purchaser should be aware of bankruptcy filings if they occur in the same county as the realty is located; the second is that judicial sales are worthy of greater protection from avoidance than other types of transfers. *See Matter of Allen*, 816 F.2d 325 (7th Cir.1987).

The record discloses that the defendant mortgagee scheduled a foreclosure sale prepetition and purchased the plaintiff's realty postpetition as attorney on the writ. That is, the defendant bid its judgment—it did not pay any new value at the sale, other than the recorded minimal consideration of one dollar. As section 549(c) speaks of *bona fide* purchasers paying "present fair equivalent value", the satisfaction of an antecedent debt has not been viewed as "present value". *In re Shepherd*, 12 B.R. 151, 154 (E.D.Pa.1981); *In re Penfil*, 40 B.R. 474, 477 (Bankr.E.D.Mich.1984).[6]

Not only is it textually difficult to envision foreclosing mortgagees as falling within the "present value" requirement of § 549(c), the intent of this subsection is not to protect mortgagees at a foreclosure sale. *In re Penfil*, 40 B.R. at 478:

> Obviously, foreclosing mortgagees are not the intended beneficiaries [of § 549(c)]. For these reasons, a foreclosing mortgagee can not claim to have parted with the present fair equivalent value necessary to give it protection under this part of § 549(c).

*Accord Rochelle & Feder*, at 35 n. 60:

> To facilitate judicial sales while not undermining the automatic stay under 11 U.S.C. § 362(a), section 549(c) requires protecting the purchaser, not the foreclosing mortgagee. Thus, neither the mortgagee nor its nominee may claim the protection of section 549(c) if either one bids in the property at a foreclosure sale.

*See also* 4 *Collier on Bankruptcy*, ¶ 549.03[3], at 549–12 n. 7. ("A mortgagee who forecloses on a debtor's property without knowing of the commencement of a bankruptcy case was not intended to be protected by section 549(c)"). *But see In re Bernard*, 21 B.R. 287 (Bankr.E.D.Pa. 1982) (mortgagee's assignee protected by § 549(c)); *In re McGowan*, 19 B.R. 952 (Bankr.E.D.Pa.1982) (mortgagee itself protected by § 549(c)).[7]

To protect mortgagees at foreclosure sales in effect alters § 362(a) so that the automatic stay only becomes effective upon actual or constructive notice to the creditor. *Rochelle & Feder*, at 35 n. 60. Given the significant purposes of the automatic stay, the requirement of notice would weaken this central provision. In contrast to the *bona fide* purchaser which may have expended funds postpetition that are not recoverable, the legitimate concerns of the mortgagee acting in ignorance of the bankruptcy filing may be protected by concluding that its actions are not in contempt and that it may recover, as a secured claim, any postpetition expenditures incurred prior to learning of the bankruptcy filing. *Cf. Noble v. Yingling*, 37 B.R. 647, 657 (D.Del. 1984) (debtor shall reimburse creditor for additional expenses caused by the debtor's inaction). In addition, by permitting the automatic stay to be "annulled," § 362(a) allows a bankruptcy court to validate the mortgagee's postpetition actions in those exceptional instances where it would be inequitable to vacate the transfer. *See generally, In re Albany Partners, Ltd.*, 749 F.2d 670 (11th Cir.1984); *In re Mellor*, 31 B.R. 151, 155 (B.A.P. 9th Cir.1983), *rev'd on other grounds*, 734 F.2d 1396 (9th Cir. 1984); *In re Oliver*, 38 B.R. 245 (Bankr.D. Minn.1984).

Even were I to conclude to the contrary, and include foreclosing mortgagees within the scope of subsection 549(c), I would also conclude that a postpetition transfer to a foreclosing mortgagee must be perfected prior to obtaining notice of the debtor's bankruptcy filing.

Certainly, section 549(c) has been routinely interpreted so that the rights of a third party *bona fide* purchaser may be cut off if the debtor records her petition prior

---

**6.** Citicorp contends that a foreclosure sale results in the satisfaction of its mortgage and, as such, this satisfaction results in present value. While I appreciate the validity of this position for purposes of 11 U.S.C. § 548, *see In re Cole*, 81 B.R. 326, (Bankr.E.D.Pa.1988), it does not follow that the phrase "reasonably equivalent value" found in section 548 should be interpreted in the same way as the phrase "present fair equivalent value" found in the more narrowly interpreted section 549. *See In re Powers*, 88 B.R. 294 (Bankr.D.Nev.1988).

**7.** The Court of Appeals in *In re Ward* expressly declined to pass upon the present fair equivalent value issue, as it concluded that section 549(c) was inapplicable for other reasons. 837 F.2d at 127 n. 7. Therefore, that decision cannot be viewed as supporting Citicorp's position.

to the purchaser's perfection of title—which typically occurs upon recordation of the sheriff's deed. *E.g., In re Walker,* 67 B.R. 811 (Bankr.C.D.Cal.1986).[8] Other courts, though, without much discussion, equate notice of bankruptcy filing with recordation of the bankruptcy petition, so that notice of filing prior to perfection permits the avoidance of the postpetition transfer. *See In re Adams,* 86 B.R. 867 (Bankr.E.D. N.C.1988); *In re Wilson,* 19 B.R. 45 (Bankr.E.D.Pa.1982); *In re Dennis,* 14 B.R. 125 (Bankr.E.D.Pa.1981); *In re Russell,* 8 B.R. 342 (Bankr.W.D.Pa.1980).

 Whether notice should be equivalent to recordation as to third parties I need not decide; as a practical matter, though, there should be an equivalence between the two where foreclosing mortgagees are the transferees. Citicorp acknowledges that any action it might take to record and perfect title after notification to it of the bankruptcy filing would be a clear violation of section 362(a). *Accord In re Wilson.* Section 362(h) would allow an injured party to recover for the creditor's violation of the stay; and one form of recovery would be to set aside the sale. *See In re Adams; In re Wilson.*[9]

 In the proceeding at bench, there is no evidence when Citicorp first learned of the debtor's bankruptcy filing—only that it did not know of the filing one week later when the sale occurred. The deed was not acknowledged until February 29, 1988, more than one month after the sale, and not recorded until March 10, 1988, two weeks after acknowledgment. This defect in the evidentiary record should be borne by the defendant, given its burden under § 549(c)[10] and the strict construction given to that subsection. Moreover, as notice of bankruptcy filing is sent to creditors by the

clerk of court or the standing chapter 13 trustee, as well as by debtors, and Citicorp was a duly scheduled creditor on the debtor's schedules, filed on January 7, 1988, (*see* Exhibit D–1), there is a likelihood that Citicorp was notified prior to recordation of the deed, if not earlier.

Therefore, I find that this postpetition transfer is not protected by § 549(c) and may be avoided by the debtor.

## IV.

 Courts in this district have long held that while 11 U.S.C. § 362(g)(2) places the burden of proof upon a debtor, an initial burden of production rests upon a creditor who desires relief from the automatic stay. *In re Skipworth,* 69 B.R. 526 (Bankr.E.D.Pa.1987); *In re Stranahan Gear Co.,* 67 B.R. 834 (Bankr.E.D.Pa.1986); *In re Tursi,* 9 B.R. 450 (Bankr.E.D.Pa. 1981). *Accord, In re Ward,* 736 F.2d, at 128; *In re Kane,* 27 B.R. 902 (Bankr.M.D. Pa.1983); 2 *Collier on Bankruptcy,* ¶ 362.10, 362–72 (15th ed. 1988). Here, Citicorp has relied exclusively upon its position that the postpetition foreclosure sale could not be set aside. It offered no evidence that the debtor was not complying with her plan terms, or that there has been no tender of postpetition mortgage payments. *Compare, e.g., In re Skipworth; In re Keays,* 36 B.R. 1016 (Bankr.E.D.Pa.1984). As a result, there is no basis for granting relief from the automatic stay. *In re Ward.*[11]

An appropriate order shall be entered.

## ORDER

AND NOW, this 2 day of November, 1988, it is hereby ORDERED that:

(1) Judgment shall be entered in favor of plaintiff Joyce Purnell against defendant

---

8. "Under Pennsylvania law, a purchaser at a judicial sale does not acquire perfected legal title in the property until the sheriff has issued a deed, the deed has been acknowledged by the Prothonotary and it has been delivered to the appropriate offices for recording". *In re Dennis,* 14 B.R. 125, 127 (footnote omitted).

9. Although not discussed by the Court of Appeals in *Ward,* there is no indication that the debtor in that matter ever recorded her petition. The Court of Appeals may have assumed there-

fore that notice prior to perfection is equivalent to recordation.

10. While the debtor would have the burden of proving the creditor's knowledge under 11 U.S. C. § 362(h), *see In re Wagner,* the creditor should have the burden of proving all elements under § 549(c).

11. I recognize that Citicorp has demonstrated that no equity exists in this property, pursuant to 11 U.S.C. § 362(d)(2)(A). Whether this alone

Citicorp Homeowners Services, Inc. declaring that the foreclosure sale of 107 North 2nd Street, Darby, Pa. on January 15, 1988 to Citicorp is invalid and shall be set aside;

(2) Citicorp shall reconvey the above stated real property to plaintiff within 20 days from the date of this order. All recording fees associated with this reconveyance shall be borne by plaintiff, and plaintiff is responsible for preparation of the deed and any other documents associated with reconveyance;

(3) It is further ORDERED that Citicorp's motion for relief from the stay is DENIED.

would trigger the debtor's burden to demonstrate, under § 362(d)(2)(B), that the collateral (her home) is "necessary to an effective reorganization", *see Matter of Boomgarden*, 780 F.2d 657, 664 (7th Cir.1985), I need not decide. At no time, either in its motion or at the hearing, did Citicorp make any reference to or mention that it was asserting any rights pursuant to subsection 362(d)(2). Thus, the debtor was not on notice that the necessity of the home toward an effective reorganization was even an issue. *Compare, In re Mitchell,* 75 B.R. 593, 598 (Bankr.E.D.Pa.1987) ("[W]e believe that we should consider all of the grounds fully raised by the Motion, fully briefed by the Mortgagee, and concerning which the Debtors had ample opportunity to respond."). Therefore,

§ 362(d)(2) cannot serve as a basis for granting relief.

Even if § 362(d)(2)(B) were fairly at issue, most courts acknowledge that a debtor has met her burden under the subsection by presenting evidence of a confirmable plan, the terms of which are being met, and the purpose of which is to preserve the residence from foreclosure. *See Grundy Nat'l Bank v. Stiltner,* 58 B.R. 593, 595–96 (W.D.Va.1986); *In re Crompton,* 73 B.R. 800, 811 (Bankr.E.D.Pa.1987); *In re Bruce,* 40 B.R. 884, 888 (Bankr.W.D.Va.1984); *In re McAloon,* 1 B.R. 766 (Bankr.E.D.Pa.1980). As such evidence was present in the instant matter, § 362(d)(2) does not entitle Citicorp to relief from the stay.