**In re Woodrow WILLIAMS, Jr., Debtor.**

**Bankruptcy No. 5–87–0126.**

United States Bankruptcy Court, M.D. Pennsylvania.

June 13, 1989.

Robert Spielman, Rosenn, Jenkins & Greenwald, Wilkes–Barre, Pa., for Franklin Federal.

Woodrow Williams, Geraldine Williams, Gaithersburg, Md., pro se.

OPINION AND ORDER

THOMAS C. GIBBONS, Bankruptcy Judge:

This matter is before the Court on a motion of Franklin First Federal Savings and Loan Association of Wilkes–Barre (hereinafter "Franklin") requesting a determination of the validity of a post-petition transfer of debtor's interest in real property and for denial of debtor's motion to set aside a foreclosure sale. For the reasons provided herein, we find that the post-petition foreclosure sale of the debtor's real property was an invalid transfer under the terms of the Bankruptcy Code and we, therefore, grant debtor's motion to set aside the foreclosure sale.

The facts are as follows. On or about August 20, 1986, Franklin commenced an action in mortgage foreclosure against the debtor and his wife in the Court of Common Pleas of Luzerne County, Pennsylvania, at Civil No. 3807–C of 1986. The property subject to the mortgage foreclosure action is located in Luzerne County, Pennsylvania. On January 12, 1987, the male debtor, Woodrow Williams, Jr. filed a voluntary Chapter 13 proceeding in the United States Bankruptcy Court for the District of Maryland (Rockville) to Case Number 87–4–0093. On or about February 3, 1987, the male debtor filed a suggestion of bankruptcy in the Prothonotary's Office of Luzerne County. The suggestion of bankruptcy was filed approximately three days prior to a Sheriff's Sale of the real estate scheduled

for February 6, 1987. The female debtor, Geraldine Williams, filed a voluntary Chapter 11 petition also in the United States Bankruptcy Court for the District of Maryland on April 20, 1987 to Case Number 87–4–0966. Thereafter, debtors filed a petition to set aside the foreclosure sale in the Court of Common Pleas for Luzerne County, Pennsylvania, which petition was subsequently removed to this Court by Order dated November 9, 1987. Franklin filed the instant motion with this Court on March 23, 1989.

Franklin's position is that while the foreclosure sale was conducted after the filing of Mr. Williams' petition, it is, nonetheless, a valid post-petition transfer of real property because Franklin never received notice of the filing of the bankruptcy, written or otherwise, until after the foreclosure sale was perfected by the issuance and recording of the Sheriff's Deed. Further, the suggestion of bankruptcy was not filed in the Luzerne County Recorder of Deeds Office which Franklin argues was the proper office for recording the suggestion pursuant to § 549(c) of the Bankruptcy Code. Franklin also argues it purchased the real property at the foreclosure sale for its present fair equivalent value. The debtors respond that the foreclosure sale, conducted after the filing of Mr. Williams' petition and after notice was given to Franklin was, in contempt of the United States Bankruptcy Code. Debtors have requested damages in the approximate amount of $500,000 against Franklin for its alleged deliberate violation of the automatic stay. Finally, debtors argue that the Sheriff's Office of Luzerne County should be held in contempt and debtors have requested additional damages against that office in the amount of $500,000. The basis of the complaint against the Sheriff's Office is that Mrs. Williams alleges she telephoned the Sheriff on February 3, 1987 and after informing that office of the bankruptcy was assured the sale would be pulled from the docket.

Franklin argues that it has met all of the requirements of § 549(c) which provides an exception to the generally recognized rule that post-petition actions taken against a debtor in violation of § 362 are null and void ab initio. We find much guidance in the case of *In re Purnell*, 92 B.R. 625 (Bankr.E.D.Pa.1988) concerning the applicability of § 549(c) to a mortgagee's foreclosure on debtor's property post-petition. We adopt the reasoning of the *Purnell* court and find that § 549(c) does not extend its protection to mortgagees. In discussing this issue, the *Purnell* court writes at page 630 the following:

"Not only is it textually difficult to envision foreclosing mortgagees as falling within the 'present value' requirement of § 549(c), the intent of this subsection is not to protect mortgagees at a foreclosure sale. *In re Penfil*, 40 B.R. [474] at 478:

Obviously, foreclosing mortgagees are not the intended beneficiaries [of § 549(c)]. For these reasons, a foreclosing mortgagee can not claim to have parted with the present fair equivalent value necessary to give it protection under this part of § 549(c).

*Accord Rochelle & Feder*, at 35 n. 60:

To facilitate judicial sales while not undermining the automatic stay under 11 U.S.C. § 362(a), section 549(c) requires protecting the purchaser, not the foreclosing mortgagee. Thus, neither the mortgagee nor its nominee may claim the protection of section 549(c) if either one bids in the property at a foreclosure sale.

*See also 4 Collier on Bankruptcy*, ¶ 549.03[3], at 549–12 n. 7. ('A mortgagee who forecloses on a debtor's property without knowing of the commencement of a bankruptcy case was not intended to be protected by section 549(c)'). *But see In re Bernard*, 21 B.R. 287 (Bankr.E.D. Pa.1982) (mortgagee's assignee protected by § 549(c)); *In re McGowan*, 19 B.R. 952 (Bankr.E.D.Pa.1982) (mortgagee itself protected by § 549(c)).

To protect mortgagees at foreclosure sales in effect alters § 362(a) so that the automatic stay only becomes effective upon actual or constructive notice to the creditor. *Rochelle & Feder*, at 35 n. 60. Given the significant purposes of the automatic stay, the requirement of notice

would weaken this central provision. In contrast to the *bona fide* purchaser which may have expended funds postpetition that are not recoverable, the legitimate concerns of the mortgagee acting in ignorance of the bankruptcy filing may be protected by concluding that its actions are not in contempt and that it may recover, as a secured claim, any postpetition expenditures incurred prior to learning of the bankruptcy filing. *Cf. Noble v. Yingling,* 37 B.R. 647, 657 (D.Del.1984) (debtor shall reimburse creditor for additional expenses caused by the debtor's inaction). In addition, by permitting the automatic stay to be 'annulled,' § 362(a) allows a bankruptcy court to validate the mortgagee's postpetition actions in those exceptional instances where it would be inequitable to vacate the transfer. *See generally, In re Albany Partners, Ltd.,* 749 F.2d 670 (11th Cir.1984); *In re Mellor,* 31 B.R. 151, 155 (B.A.P. 9th Cir.1983), *rev'd on other grounds,* 734 F.2d 1396 (9th Cir. 1984); *In re Oliver,* 38 B.R. 245 (Bankr. D.Minn.1984)."

We find that the post-petition transfer by foreclosure sale of debtors' property was not protected by 11 U.S.C. § 549(c) and, therefore, is invalid and must be set aside. We stress that our ruling does not make a determination as to other specific issues raised by Franklin, namely, whether or not paying costs and expenses and satisfying its antecedent debt does, in effect, establish "present fair equivalent value" as contemplated by § 549(c).

■ The next issue for determination is whether or not the actions taken by Franklin were such as to constitute a direct violation of § 362 of the Bankruptcy Code. "Whether the creditor knew of the bankruptcy filing prior to taking the prohibited action of foreclosure goes to the question of contempt, not to the legitimacy of the post-petition activity." See *In re Purnell* at 628 citing *In re Ward,* 837 F.2d 124 (3d Cir.1987); *In re Wagner,* 74 B.R. 898 (Bankr.E.D.Pa.1987); *In re Steven W. Grosse, P.C.,* 68 B.R. 847 (Bankr.E.D.Pa. 1987).

"Section 362(h) imposes sanctions only for 'willful' violation of the stay. " 'Willful' is a word 'of many meanings, its construction often influenced by its context.' " *Screws v. United States,* 325 U.S. 91, 101, 65 S.Ct. 1031, 1035, 89 L.Ed. 1495 (1944). There is no legislative history on what Congress intended 'willful' to mean in the context of § 362(h). The courts have generally interpreted it to require 'intentional or deliberate' conduct. *See, In re Tel–A–Communications Consultants, Inc.,* 50 B.R. 250, 254 (Bkr.D.Conn.1985), cited with approval in *Budget Service Co. v. Better Homes of Virginia, Inc.,* 804 F.2d 289, 292 (4th Cir.1986)."

*In re Shealy,* 90 B.R. 176 (Bankr.W.D. N.C.1988)

As in the *In re Purnell* case, there is no dispute that Franklin took post-petition collection actions to recover on its pre-petition debt by its participation in the foreclosure sale as well as the acceptance and recording of the Sheriff's Deed. But the facts presented concerning the alleged attempt to give Franklin, its attorneys and the Sheriff's Office notice of the bankruptcy are at best confused and inconclusive. We note that the Prothonotary's Office is not the proper administrative office where conveyances of title are recorded prior to a foreclosure sale, but, rather the proper office is the Recorder of Deeds Office of Luzerne County. Filing the suggestion of Bankruptcy in the Prothonotary's Office did not give Franklin sufficient notice of the bankruptcy filing in order to meet the requirements of § 549(c).

Regardless, the record reflects that Franklin was listed as a creditor on Mr. Williams' petition. Notice of the bankruptcy filing is normally mailed to creditors by the clerk of court and because Franklin was listed as a creditor on the debtor's schedules, there is a presumption and, indeed, a likelihood that Franklin was notified of the bankruptcy prior to the Sheriff's Sale. We note, however, that the mortgage foreclosure proceeding was initiated by Franklin approximately five months prior to Mr. Williams' bankruptcy petition. This fact, together with the unsuccessful

attempt to record the suggestion of bank-ruptcy in the proper state office (Recorder of Deeds' Office) and the confused factual presentation made by the debtors concerning other attempts to notify Franklin of the bankruptcy, leads this court to conclude that debtors have not met their burden of proving that Franklin took intentional or deliberate actions amounting to a "willful" violation of the stay. See *In re Shealy, supra.*

Consequently, we deny the debtors' request for damages against Franklin and the Sheriff's Office of Luzerne County because of debtors' failure to show an intentional and willful violation of the automatic stay imposed by § 362 of the Bankruptcy Code.

### ORDER

AND NOW, at Wilkes–Barre, this 13th day of June, 1989, it is hereby

ORDERED that judgment shall be entered in favor of the Respondent/Debtors and against the Movant, Franklin First Federal Savings and Loan Association of Wilkes–Barre, declaring that the foreclosure sale of debtors' real property located at R.D. # 1, Box 17B, Meadow Run Road, Oak Hill Park, Bear Creek, Luzerne County, Pennsylvania, is invalid and shall be set aside; and further

ORDERED that Franklin First Federal Savings and Loan Association of Wilkes–Barre shall reconvey the above stated real property to Respondents/Debtors and all recording fees and other fees associated with this reconveyance together with the preparation of the Deed and other documents shall be borne by Movant, Franklin First Federal Savings and Loan Association of Wilkes–Barre; and it is further

ORDERED that the clerk of the court shall enter this document as the judgment of the court.