WIDENER, Circuit Judge:
Budget Services Company and Allen Bunch (collectively referred to as Budget Services) appeal an order of the district court, 52 B.R. 426, affirming an order of the bankruptcy court which found Budget Services “in contempt of court for the violation of the Automatic Stay” in the pending Chapter 11 bankruptcy of Better Homes of Virginia, Inc. The bankruptcy court ordered Budget Services to pay to Better Homes compensatory damages of $350, punitive damages of $10,000, and attorneys’ fees of $1162.50. The bankruptcy court also fined Budget Services $15,000. Budget Services appealed that order to the district court, which affirmed the award of actual and punitive damages and attorneys’ fees but reversed the bankruptcy court’s imposition of the fine. We affirm the order of the district court as to compensatory damages, attorneys’ fees and punitive damages but for different reasons than those relied upon by that court. No question concerning the $15,000 fine for civil contempt is before us.
Better Homes filed a petition for reorganization under Chapter 11 of the Bankruptcy Code on October 31, 1984. Consistent with Chapter 11, Better Homes continued to operate its business. Upon Better Homes’ filing of its petition, the automatic stay provisions of § 362 of the Bankruptcy Code, 11 U.S.C. § 362, went into effect by the operation of law.
Budget Services is in the business of leasing motor vehicles. Allen Bunch is its president. Budget Services had leased two trucks and a station wagon to Better *291 Homes prior to the filing of the Chapter 11 petition, thus making Budget Services a creditor for purposes of the Bankruptcy Code once the Chapter 11 petition was filed. Budget Services was served with written notice of Better Homes’ bankruptcy petition.
Better Homes stopped making its lease payments to Budget Services in December 1984. By March 1985, Budget Services had become concerned over this nonpayment and over a claimed lack of insurance covering the leased vehicles. Bunch resorted to self-help to reclaim the vehicles. On March 25, 1985, Bunch went onto Better Homes’ business premises and drove off with one of the leased vehicles. One of the Better Homes’ employees was injured trying to prevent Bunch from taking the vehicle. The next day, Bunch returned to Better Homes’ place of business, accompanied by two men, to take possession of the remaining two leased vehicles. One of Bunch’s men was armed with a firearm. When the vehicles were not turned over, Bunch called the police. The police advised both sides that they should call their attorneys. Better Homes was prevented from proceeding with its work for almost two hours because of this second attempt of repossession.
Better Homes filed a motion with the bankruptcy court to show cause why Budget Services should not be held in contempt for violating the automatic stay. Following proper notice, a hearing was held before the bankruptcy court. At the conclusion of that hearing, the bankruptcy court held Budget Services and Allen Bunch “in contempt of Court for the violation of the Automatic Stay.” The bankruptcy court certified to the district court the question of possible criminal contempt sanctions against Budget Services.[1] The district court affirmed the finding of civil contempt and affirmed the sanctions imposed with the exception of the fine imposed. The district court was of opinion that the bankruptcy court was without authority to impose such a fine, and reversed the bankruptcy court to that extent. That reversal is not raised on appeal and is not a question before us as we have noted.
Budget Services’ appeal challenges the authority of the bankruptcy court to hold it in civil contempt. The thrust of the argument on both sides deals with the authority given bankruptcy judges under the 1978 Bankruptcy Code and under the Constitution. Budget Services argues that bankruptcy judges are merely officers of the district court and as such have no jurisdiction to impose a contempt sanction upon a party appearing before them. Budget Services further argues that only Article III[2] judges possess the constitutional power necessary to impose the sanction of contempt. Better Homes counters that bankruptcy judges have both statutory and constitutional power to hold parties in contempt. Better Homes relies upon § 105(a) of the Bankruptcy Code, 11 U.S.C. § 105(a), which provides that the bankruptcy court is empowered to “issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code],” and 28 U.S.C. § 157(b)(1), which gives the bankruptcy judges the power to hear “all core proceedings arising under Title 11.”
While these questions raised by the parties are intriguing ones and while the statutory and constitutional basis for a bankruptcy judge’s issuance of civil contempt citations may be unclear at this juncture in the seasoning of the new Bankruptcy Code,[3] we need not reach those issues *292 because the bankruptcy court clearly had the power under § 362 of the Bankruptcy Code, 11 U.S.C. § 362, to impose the sanctions that the district court affirmed which is the only question before us.
11 U.S.C. § 362 provides generally for the automatic stay of any and all proceedings against a debtor once a bankruptcy petition is filed. Its importance is echoed in the legislative history of § 362 which provides in part that:
The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy.
House Report No. 95-595, 95th Cong. 1st Sess. 340-2 (1977); Senate Report No. 95-989, 95th Cong., 2d Sess. 54-55 (1978); reprinted in 1978 U.S.Code Cong. & Adm. News 5787 at 5840 and 6296-7.
We are of opinion and hold that a proceeding to prosecute a violation of the automatic stay is a core proceeding within the meaning of 28 U.S.C. § 157(b)(1) and (2). The matter presented here, for example, is within subsection (2)(A) as concerning the administration of the estate, and a motion with respect to a turnover of the automobiles in question or an order with respect thereto would have been within one or both of subsections (2)(E), the turnover of property of the estate; and (2)(G), terminating, annulling or modifying the automatic stay. Because the violation here charged is of an integral part of the federal rights created under the Bankruptcy Code, and state created rights have nothing to do with the application of the automatic stay, there can be no constitutional objection under Northern Pipeline Construction Co. v. Marathon Pipeline Co., 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982).
The consequences of violation of the automatic stay provisions of § 362 are set out in § 362(h) which provides that “[a]n individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys’ fees, and, in appropriate circumstances, may recover punitive damages.”
We hold that the sanctions imposed by the bankruptcy court which were affirmed by the district court were appropriate under § 362(h). We agree with the reasoning of the bankruptcy court in In re Tel-A-Communications Consultants, 50 B.R. 250 (Bkrtcy.Conn.1985) that § 362(h) must be read in conjunction with the rest of § 362 and that its sanctions are not limited to the relief of an “individual” in the literal sense. The Bankruptcy Code does not define the word individual. We agree that it seems unlikely that Congress meant to give a remedy only to individual debtors against those who willfully violate the automatic stay provisions of the Code as opposed to debtors which are corporations or other like entities. Such a narrow construction of the term would defeat much of the purpose of the section, and we construe the word “individual” to include a corporate debtor.
Having determined that § 362(h) sanctions are applicable here, we conclude that those sanctions were properly assessed against Budget Services for a willful violation of the automatic stay. There is ample evidence in the record to support *293 the conclusion that Budget Services knew of the pending petition and intentionally attempted to repossess the vehicles in spite' of it. Therefore, the bankruptcy court acted within its power in awarding compensatory damages, attorneys’ fees and punitive damages to Better Homes. As we noted earlier, because the district court set aside the imposition of the $15,000 fine and no party challenges that finding here, we need not consider the propriety of that portion of the bankruptcy court’s order.
We are also of opinion that a finding of civil contempt is not a necessary predicate in order to impose the sanctions of § 362(h). Proof that a debtor has been injured by a willful violation of the automatic stay is sufficient to invoke the sanctions under that section, of actual and punitive damages, costs and attorneys’ fees. The fact that the bankruptcy court held Budget Services in civil contempt is nothing more than surplusage, and we treat it as such.[4]
To summarize, bankruptcy courts acting through bankruptcy judges may enforce the sanctions of § 362(h) without reference to a finding of civil contempt. We need not and do not decide whether bankruptcy judges have authority within the various statutes and the Constitution to find in civil contempt one who has violated their orders.
The order of the district court appealed from is accordingly
AFFIRMED.

. Budget Services pleaded guilty to criminal contempt before the district court and was fined $500. No question of that criminal contempt conviction is now before us.

. U.S. Constitution, Art. Ill, § 1.

. Compare In re Omega Equipment Corp., 51 B.R. 569 (D.D.C.1985); In re Cox Cotton Co., 24 B.R. 930 (E.D.Ark.1982), reversed on other grounds sub nom. Lindsey v. Ipock, Til F.2d 619 (8th Cir.1984) (bankruptcy courts without power to issue contempt citations), with In re Depew, 51 B.R. 1010 (Bkrtcy.E.D.Tenn.1985); In re Johns-Manvitte Corp., 26 B.R. 919 (Bkrtcy.S. D.N.Y.1983) (bankruptcy court has jurisdiction to issue civil contempt citations). See also 2 Collier on Bankruptcy, 15th Ed. ¶ 105.03; Ginsberg, Bankruptcy, ¶ 3002 at 3012, esp. n. 6.
*292 A proposed bankruptcy rule would take the position that bankruptcy judges not exercise any contempt powers they may have. Proposed Rule 9020 reads:
Contempt Proceedings
(a) Motion in District Court. A motion for contempt shall be filed in the district court and served on the party named in the motion.
(b) Certification to District Court. If it appears to a bankruptcy judge that contempt has occurred, the judge may certify the facts to the district court.
(c) Right to Jury Trial. Nothing in this rule shall be construed to impair the right to jury trial whenever it otherwise exists.

. 28 U.S.C. § 1481 provides that a bankruptcy court “shall have the powers of a court of equity, law, and admiralty, but may not enjoin another court or punish a criminal contempt not committed in the presence of the judge of the court or warranting a punishment of imprisonment." Read in connection with 11 U.S.C. § 105, which provides that "[tjhe court may issue any order that is necessary or appropriate to carry out the provisions of this title,” these sections would support the conclusion that bankruptcy judges do in fact possess civil contempt powers.
The present effect, if any, of § 1481 is called into serious question, however, by conflicting provisions of the Bankruptcy Amendments and Federal Judgeship Act of 1984. Section 121(a) of Pub.L. 98-353 directed that § 1481, first made effective on April 1, 1984 through § 402(b) of Pub.L. 95-598, shall become effective on "the date of enactment of the Bankruptcy Amendments and Federal Judgeship Act of 1984," while § 113 of the same Pub.L. 98-353 provided that the same code sections “shall not be effective." For a discussion of the conflicting provisions of the Bankruptcy Amendments of 1984, see In re Carter, 759 F.2d 763 (9th Cir.1985).
Because we conclude that the bankruptcy court acted within powers given it under 11 U.S.C. § 362, we need not resolve the internal conflicts of Pub.L. 98-353.