In re Jeffrey C. SHEALY and Angela B. Shealy, Debtors.

Bankruptcy No. C–B–86–0912.

United States Bankruptcy Court, W.D. North Carolina.

July 20, 1988.

 

Wayne Sigmon, Gastonia, N.C., for debtors.

Arlene D. Hand, Ass't Atty. Gen., South Carolina Tax Commission, Columbia, S.C. for South Carolina Tax Commission.

## ORDER IMPOSING SANCTIONS FOR VIOLATION OF SECTION 362 STAY

GEORGE R. HODGES, Bankruptcy Judge.

This matter is before the court on the debtors' motion for sanctions pursuant to § 362(h) against the South Carolina Tax Commission (the "Commission"). The court has concluded that the motion should be granted and that the debtors are entitled to actual damages of $2,000.00 and reasonable attorney's fees (to be determined upon separate petition), but that no punitive damages are merited in this case. The bases for this conclusion follow:

### Facts

The chronology of events in this case occurred as follows:

—September 2, 1986—The debtors filed their Chapter 13 bankruptcy petition.

—September 2, 1986—A letter from debtors' attorney was sent to all creditors on the mailing matrix (including the Commission) advising of the bankruptcy filing.

—September 12, 1986—Notice of first meeting of creditors was mailed by bankruptcy clerk's office to all creditors on the mailing matrix (including the Commission).

—November 10, 1986—"Notice of Assessment" was sent by the Commission and addressed to the male debtor asserting past due taxes, penalty and interest of $689.72 and warning that

failure to pay that amount "will result in a warrant of distraint being issued."

—An undated (but apparently subsequent to the prior notice) notice from the Commission was sent to the male debtor. It was noted to be the "FINAL NOTICE BEFORE SEIZURE" relating to the taxes referred to above.

—April 24, 1987—Letter from debtors' attorney to Commission referencing their prior communications with the debtors and warning regarding § 362(h) sanctions.

—May 21, 1987—The Commission filed a proof of claim in this case for taxes owed by the debtors.

—December 16, 1987—"Notice of Assessment" was sent by the Commission to debtors regarding 1984 taxes due of $187.96 (comprised of taxes = $50.12; penalty = $18.93; and interest = $58.91).

—April 1, 1988—"FINAL NOTICE BEFORE SEIZURE" was sent by the Commission to the male debtor for $201.47 on an original tax due of $50.12.

—May 24, 1988—Notice of recordation of "Warrant of distraint" was sent by the Commission to the male debtor.

The male debtor is a member of the 82nd Airborne Division of the United States Army. Several of the notices from the Commission arrived while he was in basic training at Fort Benning, Georgia, during which time his opportunity for communications regarding his tax problem was greatly restricted. He was the only source of his family's income and he feared being "busted" out of basic if his superiors discovered his delinquent taxes.

The female debtor has had stress related symptoms for which she has been undergoing medical treatment. The symptoms include nervousness, loss of weight and increased cigarette consumption. These symptoms are not related solely to receipt of the Commission's notices, but they contributed to her health problems. She has incurred no medical expenses because all of her medical care has been provided by Army medical personnel.

According to the Commission, the cause of the violation of the stay by the various notices recounted above was a clerical error. Under the Commission's then current procedure, notices of bankruptcy filings are received by the attorney general's office and that office notifies the Commission of the filing. That apparently occurred here upon receipt of the notice of first meeting of creditors. The notice of the bankruptcy filing prompted a manual check of files to determine if there is an open tax deficiency claim file. When a claim file is located, the file is then flagged and sent to the attorney general's office. Here, no claim file was located in the manual search, so the matter was "closed." In fact, there was a deficiency claim pending. The failure to recognize that resulted in the series of Commission notices to these debtors.

After the first computer generated notice was followed by a "warrant," the Commission received debtors' counsel's April 24, 1987, letter threatening sanctions. In response to that, the Commission withdrew the warrant in May, 1987, and expunged the file in June, 1987. The Commission gave no notice of those actions either to the debtors or their attorney.

In May, 1987, the male debtor filed his 1984 tax return—obviously late. Apparently the same initial clerical error was still lurking in the Commission procedures because—notwithstanding the intervening notice from counsel, notice to creditors and subsequent notice from counsel—the Commission initiated another series of notices to the debtors. The Commission observed that there was no indication on the 1984 tax return that a bankruptcy petition had been filed. But, there is no evidence that there was any provision on the tax return form for such a notation. The initial notice of deficiency was sent September 7, 1987. When no reply was received, the notice of assessment was sent in December. This was followed by the notice that a warrant of detainment had been issued.

The Commission offered evidence through the testimony of its Executive Director, Gregory Frampton, that it handled upwards of three million tax returns each year and that it dealt annually with four to five thousand bankruptcy petitions. Further, the Commission is in the process—started in part two years ago—of revamping its computer system by: reprogramming the computer system; and by keying in all bankruptcy files to be matched against warrant files. This effort involves a great deal of expense to the State of South Carolina.

### Discussion

The Commission admits that its various notices violate the § 362 automatic stay, but it contends that sanctions are not warranted for a number of reasons: (1) there is doubt about receipt of the debtors' notices; (2) there was no effort to collect a debt; (3) the Commission's notices are exempted by § 362(b)(9); and (4) the Commission's violation of the stay was not willful. These assertions are discussed seriatim:

1. *Deficiencies in Debtors' Notices of Bankruptcy.*

The Commission denies—at least upon information and belief—receipt of the initial notice of bankruptcy from the debtors' attorney and the notice of first meeting of creditors. While the postal service certainly loses some mail, a claim of non-receipt raises no greater inference of postal service error than of recipient error. Here, debtors' attorney's legal assistant testified that she mailed the initial notice of bankruptcy filing—and it is agreed that the address was correct. In addition, the bankruptcy clerk's office mailed the notice of first meeting of creditors to the same correct address. There is a presumption of receipt created by proof of correct mailing. The correct mailing here plus that presumption equates to legal receipt of the notice by the Commission. Further, the Commission's own erroneous search of its records confirms receipt of a bankruptcy notice from some source. Of course, notice to one arm of an entity like this is, at least, constructive notice to all its arms. Consequently, the court finds and concludes as a matter of law that the Commission was properly notified of the debtors' bankrupt-

cy filing prior to the time it sent its tax notices to the debtors.

### 2. *No Effort to Collect a Debt.*

■ The Commission contends that its notices to the debtors do not constitute an effort to collect a debt. The notices provide, in part, as follows:

"NOTICE OF ASSESSMENT

... *Demand is made for the payment* if said amount on or before the 10th day after date of this notice. *If payment is not made a warrant for distraint will be issued for collection of same* ...

and

Failure to reply will result in a *warrant of distraint* being issued. Your failure to reply must be received within 10 days...."

"FINAL NOTICE BEFORE SEIZURE ...

... Please detach this portion ... along with check or money order.... To avoid seizure action, *full payment* of the amount due must reach this office within ten (10) days ... Otherwise, ... with no further notice, any salary or wages due you may be levied upon by service a Notice to Withhold upon your employer. Bank accounts, stocks receivables ... property ... belonging to you may also be seized."

"PLEASE TAKE NOTICE THAT: A WARRANT FOR DISTRAINT HAS BEEN RECORDED WITH THE CLERK OF COURT.... IT IS A JUDGEMENT AND A LIEN ON ALL PROPERTY: PENALTY AND INTEREST WILL ACCRUE UNTIL SATISFIED."

(Emphasis added).

The court finds that the Commission's notices serve very little, if any, other purpose than to collect the tax debt. In fact, these notices appear to be the "junk yard dogs" of tax notices—designed for no other purpose than scaring the debtors into paying up before a "warrant of distraint" is filed. Consequently, the court concludes that the Commission's notices were designed to collect a debt.

### 3. *Section 362(b)(9) Exemption.*

■ The Commission asserts that its notices fall within the § 362(b)(9) exemption for a "notice of tax deficiency." The Commission's notices appear to be far more than mere "notices of tax deficiency." The "NOTICE OF ASSESSMENT" contains strong language threatening issuance of a "warrant of distraint." The "FINAL NOTICE BEFORE SEIZURE" threatens seizure of wages, bank accounts and other property. The final notice advises that a warrant of distraint has been issued. Because of the content of the Commission's notices, the court concludes that they do not qualify for the § 362(b)(9) exemption.

### 4. *Willful Violation.*

Section 362(h) imposes sanctions only for a "willful" violation of the stay. " 'Willful' is a word 'of many meanings, its construction often influenced by its context.' " *Screws v. United States,* 325 U.S. 91, 101, 65 S.Ct. 1031, 1035, 89 L.Ed. 1495 (1944). There is no legislative history on what Congress intended "willful" to mean in the context of § 362(h). The courts have generally interpreted it to require "intentional or deliberate" conduct. *See, In re Tel–A–Communications Consultants, Inc.,* 50 B.R. 250, 254 (Bkr.D.Conn.1985), cited with approval in *Budget Service Co. v. Better Homes of Virginia, Inc.,* 804 F.2d 289, 292 (4th Cir.1986).

The "intentional and deliberate" formulation is not wholly adequate in dealing with the situation present here where the violation arguably resulted not from action, but from inaction. Here, the error that triggered the violations was the failure to locate the tax claim file and flag it. All of the notices were then spawned by the mindless functioning of the Commission's computer system.

■ In a case such as this, the court holds that "willfulness" can be established by inaction when it amounts to a reckless disregard of the § 362 stay. See, *Trans World Airlines, Inc. v. Thurston,* 469 U.S. 111, 126–27, 105 S.Ct. 613, 624–25, 83 L.Ed.2d 523 (1985) (definition of "willful"

as used in Age Discrimination in Employment Act case). This is not to say that any innocent clerical error will amount to a willful act. Here there is much more. The Commission received multiple notices, yet took no action until it was threatened with sanctions for violating the stay. Its reaction to that was to file a proof of claim and cancel its warrant of distraint—but it did not advise the debtors or their attorney of that corrective action. Subsequent to all of that, the Commission began generating another series of threatening notices to the debtors. This pattern of inattention to the stay demonstrates such a disregard for statutory duty as to amount to a "willful" act. Consequently, the court concludes that the Commission has committed a willful violation of § 362.

5. *Damages:*

 Violation of § 362(h) entitles the debtors to actual damages, attorney's fees and, in appropriate cases, punitive damages. The court does not consider this case to warrant punitive damages. As to actual damages, the debtors' injury is somewhat imprecise and not entirely related the Commission's notices. But, the language of these notices is sufficiently strong as to be expected to produce anxiety or worse. The debtor's symptoms appear real and have resulted in medical treatment. Assessing the value of this type of injury is not susceptible to a formula or precise measurement. The court finds in all of these circumstances that the debtors were actually damaged in the amount of $2,000.00.

The debtors are also entitled to an award of attorney's fees and costs. The court will assess appropriate attorney's fees and costs upon application by the debtors' counsel.

It is therefore ORDERED that:

1. The debtors have and recover of the South Carolina Tax Commission the sum of $2,000.00 as compensation for personal injuries caused by violation of the § 362 stay; this amount to be paid to the debtors within thirty days of the date of this Order; and

2. The debtors are entitled to recover of the South Carolina Tax Commission reasonable attorney's fees and costs. Counsel for the debtors shall have ten days from the date of this Order to submit (and serve on the Commission) application for fees and costs detailing the time and expense related to the subject motion. The Commission shall have ten days thereafter to respond to the Application. The court will then assess the amount of attorney's fees and costs due.