In re **VERSAR ARCHITECTS & ENGINEERS, INC., a Colorado corporation, f/k/a Arix Corporation, Debtor.**

**VERSAR ARCHITECTS & ENGINEERS, INC., a Colorado corporation, f/k/a Arix Corporation, Plaintiff,**

v.

**CHEM–NUCLEAR GEOTECH, INC., a Delaware Corporation, Defendant.**

Bankruptcy No. 91–18317 CEM.
Adv. No. 91–2989 PAC.

United States Bankruptcy Court, D. Colorado.

March 23, 1992.

---

Mark L. Fulford, Sherman & Howard, Denver, Colo., for plaintiff.

Michael L. Hutchinson, Treece, Alfrey & Musat, P.C., Denver, Colo., for defendant.

## ORDER ON MOTION FOR PARTIAL SUMMARY JUDGMENT

PATRICIA A. CLARK, Bankruptcy Judge.

This matter is before the Court upon the motion for partial summary judgment filed by Chem–Nuclear Geotech, Inc. (Defendant). Argument on the motion was heard at a hearing on March 17, 1992.

The Defendant filed a motion for partial summary judgment on the first claim for relief stated by Versar Architects & Engineers, Inc. (Plaintiff). The first claim for relief seeks damages for violation of the automatic stay. It is undisputed that the automatic stay provided for by 11 U.S.C. § 362(a) was violated. The remaining legal question before the Court is whether 11 U.S.C. § 362(h) creates a private right of action for an alleged violation of the automatic stay when the debtor is a corporation.

There is a split of authority on whether Section 362(h) may be raised by a debtor corporation to recover damages for the violation of Section 362(a). Subsection (h) provides that "[a]n individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." The split is based upon interpretation of the word "individual" in the provision.

The two leading cases cited by the parties are: *Maritime Asbestosis Legal Clinic v. LTV Steel Co. (In re Chateaugay Corp.)*, 920 F.2d 183 (2d Cir.1990), and *Budget Service Co. v. Better Homes of Virginia, Inc. (In re Better Homes of Virginia, Inc.)*, 804 F.2d 289 (4th Cir.1986). The court in *Chateaugay* held that Section 362(h) did not apply to corporate debtors. Conversely, the court in *Better Homes* ruled the subsection applies to corporate debtors. This Court has considered the rationale of both lines of cases, the statute in question and the legislative history, and agrees with the *Chateaugay* court's thorough analysis of the subsection and principles of statutory construction.

In *Chateaugay*, the court employed the rules of statutory interpretation and resolved that 362(h) did not apply to corporate debtors. First, the court determined that the Bankruptcy Code consistently used the word "individual" for natural persons, *i.e.*, human beings. Then, the court found that the legislative history for the subsection did not suggest a meaning other than the plain interpretation of the word. *Id.* at 185; *see, United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989). Finally, the court concluded that the plain reading of the subsection is consistent with other Code provisions and that it does not eliminate other possible remedies for corporate debtors when the stay is violated.

The court in *Chateaugay* was critical of the analysis in those decisions, including the opinion in *Better Homes*, which held that Section 362(h) applies to corporate debtors. The court noted the premise for those erroneous rulings was that the automatic stay applies to all debtors thus, the damage provision should similarly apply to them all. The court found that such an assumption ignores the fact that subsection (h) was added to the Code after the rest of

the automatic stay provision was enacted. Subsection (h) was included as part of the "Consumer Credit Amendments" made to the Code in 1984. Public Law 98–353, 1984 *U.S.Code Cong. & Admin.News,* (98 Stat.) 333, 352. Accordingly, the court concluded that the legislative history of Section 362(a) which supports broad coverage of the automatic stay, does not necessarily apply to subsection (h). Finally, the court noted:

> In the face of the statute's plain meaning and without evidence of a contrary legislative intention, even if we thought Section 362(h) would better serve the code's purposes by being applied to all debtors, we could do no more than invite Congress to change the result.

*Id.* at 187.

This Court adopts the analysis, holding and invitation of the *Chateaugay* decision. The Court finds that Section 362(h) does not apply to corporate debtors. Thus, as a matter of law, the Defendant's motion for partial summary judgment should be granted.

ORDERED that the Defendant's motion for partial summary judgment to dismiss the first claim for relief is granted.