In re John & Michelle **HAMRICK**,
Debtors.

John & Michelle **HAMRICK**,
Appellees/Movants,

v.

**UNITED STATES** of America Acting Through **DEFENSE FINANCE & ACCOUNTING SERVICE**, Appellant/Respondent.

Civ. No. 4:93CV164.

United States District Court,
W.D. North Carolina,
Shelby Division.

Dec. 12, 1994.

Clifford C. Marshall, Asst. U.S. Atty., Asheville, NC, for appellant/respondent.

Steve G. Tate, Statesville, NC, and O. Max Gardner, III, Shelby, NC, for appellees/movants.

## MEMORANDUM OF OPINION AND ORDER

RICHARD L. VOORHEES, Chief Judge.

**THIS MATTER** is before the Court on appeal from the Judgment and Order of United States Bankruptcy Judge Marvin R. Wooten, entered August 10, 1993. Judge Wooten found that the United States of America, Defense Finance & Accounting Service, violated the automatic stay provision of the Bankruptcy Code and ordered monetary sanctions payable to the Debtors/Movants. For the reasons stated below, the Court reverses the decision of the bankruptcy court.

## I. FACTUAL BACKGROUND

The parties stipulated to the facts. *See, Memorandum of Decision, filed August 10, 1993 at 2; Transcript of Hearing, filed September 20, 1993 at 2.* John and Michelle Hamrick (Debtors), filed for Chapter 13 relief under the Bankruptcy Code in May 1991. The United States of America, Defense Finance & Accounting Service, (Creditor or Appellant) was listed as a creditor in the bankruptcy petition. Appellant received notice of the filing of the petition and subsequently filed a proof of claim. *Memorandum of Decision at 2–3.*

Thereafter, the Debtors received one or more demands for payment from Appellant, causing Debtors' counsel to issue a written warning that sanctions would be sought unless the demands were withdrawn. *Memorandum of Decision at 3.* Appellant withdrew the demands and gave Debtors a written apology. *Id.* No motion for sanctions was brought as a result of this incident. Thereafter, the Chapter 13 plan was confirmed by Order, a copy of which was sent to Appellant.

When the Office of General Counsel for the Appellant filed the proof of claim, it included an address to which the Trustee was to mail all plan payments. *Affidavit of Dean H. Roney, dated October 16, 1992; Transcript of Hearing at 11.* The Trustee in bankruptcy used the wrong zip code when mailing the plan payments, but no notification of the error was sent to the Trustee. *Memorandum of Decision at 3–4.* Because the checks sent by the Trustee were mailed to a different address, they were processed through a different system. *Affidavit of Dean H. Roney at 1.*[1] Approximately one year after the first incident, another letter containing a demand for payment was sent to the Debtors. *Memorandum of Decision at 3.* "A clerk who was unfamiliar with the procedure for bankruptcy opened the account to deposit the check, but did not disable the automatic letter feature." *Affidavit of Dean H. Roney; Transcript of Hearing at 11.* This caused the computer to generate a "dunning" letter to the Debtors. *Id.* Appellant admits this demand was sent by an employee who had not been trained in bankruptcy proceedings, who was unaware that the Debtors had filed bankruptcy, and who did not recognize the bankruptcy code on the computer system. *Memorandum of Decision at 3.*

As a result of this incident, the Debtors' attorney requested sanctions based on Appellant's willful violation of the automatic stay provisions of the Bankruptcy Code. *11 U.S.C. § 362.*

---

1. The procedures used by Appellant to credit Debtors' account upon learning of the bankruptcy proceeding and the exact nature of the incident leading to this motion are specified below.

For the sake of brevity, those facts are not repeated here, although contained within the parties' statement of stipulated facts at the hearing.

## II. STANDARD OF REVIEW

■ The motion for sanctions for a violation of the automatic stay provisions is a core proceeding. *Davis v. IRS*, 136 B.R. 414, 418 (E.D.Va.1992) (*citing Budget Service Co. v. Better Homes of Virginia, Inc.*, 804 F.2d 289, 293 (4th Cir.1986)). The standard of review for a core proceeding is that the findings of fact of the bankruptcy court are not to be overruled unless "clearly erroneous." *Id.* The conclusions of law are reviewed *de novo.* · *Id.*

## III. DISCUSSION

■ The function of the automatic stay provision of the Bankruptcy Code is to halt all proceedings to collect against debtors once the petition has been filed. *11 U.S.C. § 362*; *Budget*, 804 F.2d at 292. "It gives the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions." *Id.* (*quoting House Report No. 95–595, 95th Cong. 1st Sess. 340–2 (1977); Senate Report No. 95–989, 95th Cong., 2d Sess. 54–55 (1978); reprinted in 1978 U.S.Code Cong. & Adm.News 5787 at 5840 and 6296–7*). Congress included "bite" as well as "bark" in the statute by authorizing damages for violations of the stay, including actual damages, costs and attorneys' fees. *11 U.S.C. § 362(h).*[2]

■ Nonetheless, the statute only punishes a "willful violation" of the automatic stay. *11 U.S.C. § 362(h).* Appellant here does not dispute that a violation of the stay occurred, but argues that the violation was not "willful" because it was accidental, unintentional and not deliberate. Appellant argues against a "strict liability" approach to such violations. Debtors reply that specific intent is not required for a violation to be willful. Nor is it necessary that the action have occurred with bad faith or intent to harm the debtor.

The parties stipulated to the findings of fact which this Court finds accurately stated by the bankruptcy court in its decision. This appeal is limited to a determination of whether the bankruptcy court's legal conclusion that the Appellant's conduct was willful was correct. This conclusion is reviewed *de novo. Davis v. IRS, supra.*

■ The Fourth Circuit has stated that the conduct of a creditor in violating the stay is willful when "[t]here is ample evidence in the record to support the conclusion that [the creditor] knew of the pending petition and intentionally attempted to [continue collection procedures] in spite of it." *Budget*, 804 F.2d at 292–93. Thus, in order for conduct to be willful, it must be intentional or deliberate.

"Willful" is a word "of many meanings, its construction often influenced by its context." There is no legislative history on what Congress intended "willful" to mean in the context of § 362(h). The courts have generally interpreted it to require "intentional or deliberate" conduct.

*In re Shealy*, 90 B.R. 176, 179 (Bankr. W.D.N.C.1988) (*citing In re Tel–A–Communications Consultants, Inc.*, 50 B.R. 250, 254 (Bankr.D.Conn.1985)) (citations omitted).

In the *Shealy* case, the Internal Revenue Service sent three demand letters, including a Notice of Recordation of Warrant of Distraint, after the debtor's attorney had warned them that demand letters would result in § 362 sanctions. The Commission defended the sanctions by claiming the subsequent demands were the result of clerical error, the same error which had been "lurking" in the system when the first round of demand letters were sent. *Id.* at 177. The bankruptcy court determined "the error that triggered the violations was the failure to locate the tax claim file and flag it. All of the notices were then spawned by the mindless functioning of the Commission's computer system." *Id.* at 179. The court held that the inaction of the Commission to prevent future violations amounted to a "reckless disregard" of the stay. *Id.* Nonetheless, the court went on to state, "[t]his is not to say that any innocent clerical error will amount to a willful act." *Id.*

---

**2.** "An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." *11 U.S.C. § 362(h).*

In the instant case, the Debtors' account was changed to a suspended status when the bankruptcy notice was received. *Transcript at 6.* A bankruptcy code was placed on the account in the computer to prevent demand letters from being generated. *Id.* When bankruptcy plan payments were received for the account, a computer code allowed the account to be opened to credit the payment, but the account was disabled by a code from generating a demand notice. *Id.* at 7. The reason a demand notice was generated on the occasion in question was because a new employee had been assigned to the "work unit code and had not been correctly trained." *Id.* at 8. Thus, when the clerk applied the payment to the account, he did not recognize the bankruptcy code, failed to override the system, and the notice was generated. *Id.* at 9.

The circumstances presented here amount to nothing more than "innocent clerical error." The Appellant had in place a mechanism to prevent the generation of demand notices which would have prevented the notice but for the innocent mistake of a new employee. Nor does the Court find that the mere failure to correctly train this employee amounts to "reckless disregard" of the stay. This incident was an isolated event (*In re Haan,* 93 B.R. 439, 441 (Bankr.W.D.N.C. 1988)) which occurred over one year after the initial demands were generated despite the fact that the Trustee had consistently mailed the payments to the wrong address.[3]

In reaching this conclusion, the Court relies on the commonly accepted definitions of the terms "deliberate" and "intentional." Black's Law Dictionary defines "deliberate" as "formed, arrived at, or determined upon as a result of careful thought and weighing of considerations." *Black's Law Dictionary (5th ed. 1979).* "Intention" is defined as "determination to act in a certain way or to do a certain thing ... a person who contemplates any result, as not unlikely to follow from a deliberate act of his own, may be said to intend that result...." *Id.* Under neither of the above definitions could the con-

duct at issue here be considered "deliberate" or "intentional;" it was quite simply a mistake.

Debtors argue that the act was intentional because the clerk, failing to recognize the bankruptcy code on the account, intended the demand notice to be mailed. Nonetheless,

> [t]he bankruptcy courts have construed "willful" as used in the code to mean an intentional or deliberate act done with knowledge that the act is in violation of the stay.

*In re Atlantic Business and Community Corp.,* 901 F.2d 325, 328 (3d Cir.1990). To accept Debtors' argument would be to impose a form of strict liability on creditors, which in today's computer-controlled financial world, would amount to nothing less than a windfall for debtors' attorneys where no true injury results. As stated by the Court in *Haan,*

> There are a number of competing considerations in § 362 sanctions litigation: First, it appears that some creditors are abusive in their collection efforts by ignoring or paying little attention to bankruptcy stays as a matter of course. Second, most creditors appear to be scrupulous in their efforts to avoid violation of bankruptcy stays. Occasionally, these creditors may violate a stay inadvertently. Third, many debtors are not injured at all by collection efforts that violate a bankruptcy stay. Some debtors are bothered, scared or worse by such efforts. Some debtors ignore it. And, to some the only reaction is realization of the chance for a sanctions motions.

93 B.R. at 441. The statute prescribes a sanction only when the debtor is (1) injured and (2) by a willful violation. *11 U.S.C. § 362(h).* The record contains no evidence that the Debtors were in any manner injured or even bothered by this demand notice. There is no indication that counsel for the Debtors attempted to contact the Appellant prior to bringing this motion. Indeed, Judge

---

**3.** Nor does this Court find the Appellant had a duty to notify the Trustee a second time of the

correct address, as argued by the Debtors.

894

Wooten himself noted that "it's not the worst case I have ever seen." *Transcript at 17.*

The cases cited by Debtors uniformly involve flagrant collection efforts, usually occurring after a warning either by the bankruptcy court or debtors' counsel, thus showing truly deliberate and intentional conduct. *See, e.g., In re Bloom,* 875 F.2d 224 (9th Cir.1989) *(where the creditor filed motions for contempt against the debtor in pending litigation after being notified of the bankruptcy petition); In re Stephen W. Grosse, P.C.,* 84 B.R. 377 (Bankr.E.D.Pa.1988), *aff'd,* 96 B.R. 29 (E.D.Pa.1989), *aff'd,* 879 F.2d 857 (3d Cir.), *cert. denied sub nom. Jakobowski v. Dubin,* 493 U.S. 976, 110 S.Ct. 501, 107 L.Ed.2d 504 (1989) *(creditor failed to withdraw collection proceedings after bankruptcy court notified him to do so; ruling that based on this failure, not the original collection effort, creditor's conduct was willful); In re Abrams,* 127 B.R. 239, 244 (9th Cir. BAP 1991) *("appellees' repossession of the debtors' automobile, while initially inadvertent, became a willful violation of the automatic stay when appellees failed to take any reasonable steps to remedy their violation upon learning of the debtors' bankruptcy"); Matter of Sams,* 106 B.R. 485 (Bankr. S.D.OH.1989) *(creditor failed to stop sale of real estate after notification of bankruptcy); In re Atlantic Business, supra (creditor locked debtor out of place of business after bankruptcy Court issued restraining order against creditor); Budget, supra (creditor repossessed four vehicles after learning of petition, injuring debtors' employee in the process and using a firearm to effect repossession).* Thus, while this Court gives respectful deference to the conclusion of the bankruptcy court, it does not appear that the case law obligates the definition of "willful" to include innocent clerical error. This violation was "inadvertent" and not willful, intentional or deliberate. Moreover, no injury has been shown.

## IV. ORDER

**IT IS, THEREFORE, ORDERED** that the Judgment and Order of the United States Bankruptcy Court Judge Marvin R. Wooten, entered August 10, 1993, is hereby **REVERSED,** and the Debtors' motion for sanctions is hereby **DENIED.** The case is remanded for entry of Judgment in accordance with this Order.