In re BROCK UTILITIES & GRADING, INC., Debtor.

**Bankruptcy No. 95–01618–8–ATS.**

United States Bankruptcy Court, E.D. North Carolina, Raleigh Division.

Aug. 21, 1995.

Michael Ryan Dyson, Raleigh, NC, for debtor.

Bruce C. Johnson, Asst. U.S. Atty., Raleigh, NC, for IRS.

## ORDER DENYING MOTION FOR SANCTIONS

A. THOMAS SMALL, Chief Judge.

The matter before the court is the motion filed by the chapter 11 debtor in possession, Brock Utilities & Grading, Inc. ("Brock") to recover damages pursuant to 11 U.S.C. § 362(h) from the Internal Revenue Service arising from the IRS's violation of the auto-

matic stay. A hearing was held in Raleigh, North Carolina on August 9, 1995.

The facts are undisputed. Brock filed its chapter 11 petition on May 18, 1995, and, on at least three occasions, the IRS received written notification of the debtor's bankruptcy. A letter dated May 23, 1995, was sent by debtor's counsel to Martin Richardson of the Raleigh IRS office, and the IRS Special Procedures Division in Greensboro was notified by letter dated June 1, 1995. The debtor also sent the IRS copies of its bankruptcy schedules and statement of affairs on June 2, 1995.

The IRS acknowledged the debtor's bankruptcy in a letter to the debtor dated May 30, 1995, from IRS Bankruptcy Specialist Sandra Barr. Additionally, debtor's counsel spoke with Mr. Richardson and was assured that the IRS would take no action in violation of the automatic stay.

Clearly, the IRS knew of the debtor's bankruptcy, but notwithstanding that knowledge, on July 3, 1995, a computer-generated notice of intention to levy was mailed to the debtor from the IRS office in Memphis, Tennessee. Debtor's counsel did not contact the IRS prior to filing this motion, and the only actual damages claimed by the debtor are those incurred in the prosecution of this motion.

The debtor contends that mailing of the computer-generated notice was a "willful" violation of the automatic stay and that sanctions are mandatory pursuant to § 362(h). The IRS admits the technical violation of the stay, but maintains that no sanctions should be imposed because the mailing of the notice was inadvertent and unintentional rather than being "willful." Furthermore, the IRS contends that the debtor was not injured.

Bankruptcy Code § 362(h) provides that "[a]n individual [1] injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." If a violation is "willful" and the debtor has been "injured," sanctions are mandatory.

■ The sending of a computer-generated notice may or may not constitute a "willful" stay violation depending upon the circumstances of each case. In In re Hamrick, 175 B.R. 890 (W.D.N.C.1994), for example, the District Court for the Western District of North Carolina concluded that a computer-generated collection letter was not a "willful" violation of the stay where the creditor's efforts to block computer-generated notices had been unintentionally undone when an untrained employee processed a payment that had been sent to the wrong address by the chapter 13 trustee. In In re Shealy, 90 B.R. 176 (Bankr.W.D.N.C.1988), the Bankruptcy Court for the Western District of North Carolina held that the IRS's inaction in restricting computer notices was a "reckless disregard" of the stay and was therefore "willful."

■ The automatic stay serves a crucial function in any bankruptcy case and willful violations under § 362(h) are serious matters warranting the mandatory imposition of sanctions that Congress has proscribed. Creditors who send computer-generated collection notices have a responsibility and obligation to ensure that such notices are not sent to bankruptcy debtors. Actual damages, attorney's fees and punitive damages may be appropriate where creditors ignore this responsibility.

■ The court need not decide in this case whether the IRS's violation of the stay was "willful" because under the facts of this case, the debtor suffered no injury. Debtor's counsel had established contact with Mr. Richardson of the IRS and had received assurances from him that the IRS would not seek to collect its claim in violation of the stay. A simple phone call to Mr. Richardson would have allayed any fears that the debtor might have had, and the motion for sanctions would not have been required. Any costs involved in bringing this motion were unnecessarily incurred and should not be reim-

---

1. Although the statute refers to an "individual," the Fourth Circuit has held that the term "individual," in the context of § 362, includes a corporate debtor. *Budget Service Co. v. Better Homes of Virginia, Inc.*, 804 F.2d 289, 292 (4th Cir.1986) (citation omitted).

bursed by the IRS. In a case in which a computer-generated notice legitimately warrants a debtor incurring attorney fees, such fees may constitute an injury compensable under § 362(h), but this is not such a case. Thus, there was no injured party in this case, and only an "injured" party may recover under § 362(h).

Accordingly, the debtor in possession's motion for sanctions is **DENIED.**

**SO ORDERED.**