**In re Steven Charles CRAINE and Donna Maria Craine a/k/a Madonna Maria Craine a/k/a Donna Maria Buckley, Debtors.**

Bankruptcy No. 95–5077–8G3.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Jan. 17, 1997.

Michael Barnett, Tampa, FL, for Debtors.

Terry E. Smith, Trustee, Bradenton, FL.

### ORDER ON MOTION FOR SANCTIONS FOR VIOLATION OF AUTOMATIC STAY

PAUL M. GLENN, Bankruptcy Judge.

**THIS CASE** came before the Court to consider the Motion for Sanctions for Violation of Automatic Stay filed by the Debtors, Steven Charles Craine and Donna Maria Craine. In the Motion, the Debtors request an award of sanctions against the United States based on a violation of the automatic stay imposed by Section 362 of the Bankruptcy Code. The Debtors contend that the United States has continued its efforts to collect trust fund taxes from them after the filing of their bankruptcy petition, notwithstanding its knowledge of the pending chapter 13 case.

### Background

The Debtors filed their petition under chapter 13 of the Bankruptcy Code on May 24, 1995. On their schedule of liabilities filed in the case, the Debtors listed the Internal Revenue Service as a priority creditor holding fixed and liquidated claims, and the Internal Revenue Service was placed on the matrix of parties entitled to receive notice in the case.

The bar date for filing proofs of claim in the case was September 18, 1995. The United States did not file a claim within the time permitted.

On February 26, 1996, the Debtors filed a Complaint to Determine Dischargeability of Debt against the United States. In the Complaint, the Debtors assert that the United States may claim taxes arising from 940 and 941 returns filed by Ra–Kel, Inc., a corporation owned by the Debtors. The Debtors sought a determination that any individual or "responsible person" liability associated with this corporation would be discharged in their Chapter 13 case under Section 1328(a) of the Bankruptcy Code. The United States filed a Motion to Dismiss the adversary proceeding on April 1, 1996, and a hearing was conducted on the Motion on June 4, 1996. The United States was represented at that hearing.

Approximately seven weeks later, on July 25, 1996, the Internal Revenue Service mailed a letter to the Debtor, Donna Buckley (Craine). The letter references the business known as Ra–Kel, Inc., and states (1) that the business owes uncollected taxes; (2) that individuals who were required to collect, account for, and pay certain taxes owed by a business may be personally liable for a penalty equal to the amount of the "trust fund taxes" owed by the business; and (3) that the Internal Revenue Service planned to charge the Debtor with the Trust Fund Recovery Penalty, and would "assess and collect the penalty as though it were a tax you owed." The letter then described the procedures for the Debtor to follow either if she agreed with the assessment, or if she wished to contest the assessment.

The Debtors contend that the letter is a postpetition collection effort which constitutes a violation of the automatic stay. The Debtors further contend that the violation was "willful" because it was undertaken with knowledge of the pending bankruptcy case. Accordingly, the Debtors claim that they are entitled to an award of actual damages, attorney's fees and costs, and punitive damages pursuant to Section 362(h) of the Bankruptcy Code. The Debtors assert in their Motion that the estimated attorney's fees "incurred up to and including the filing of this motion are approximately $125.00."

In response, the United States contends that the letter does not amount to a violation of the automatic stay because it is only an effort to determine whether the tax liability exists and to provide the Debtors with an opportunity to apply the appeal process described in the letter if they challenge the assessment of the tax. The Internal Revenue Service claims that the automatic stay does not prohibit it from "determining" a tax liability after a bankruptcy case is filed.

### Discussion

Section 362(a) provides that the filing of a bankruptcy petition operates as a stay of a broad range of actions against the debtor or property of the bankruptcy estate.

§ 362. **Automatic stay**

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, . . . operates as a stay, applicable to all entities, of—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

.  .  .  .  .

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;

.  .  .  .  .

(8) the commencement or continuation of a proceeding before the United States Tax Court concerning the debtor.

"The stay of section 362 is extremely broad in scope and, aside from the limited exceptions of subsection (b), should apply to almost any type of formal or informal action against the debtor or the property of the estate." 2

Collier on Bankruptcy ¶ 362.04 (15th ed. 1996).

■ Section 362(h) provides:

(h) An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

For a debtor to be entitled to recover under this section, the violation of the automatic stay must be "willful." This requirement is satisfied for purposes of Section 362(h) when an entity "engages in a deliberate act that is done in violation of the automatic stay with knowledge that the debtor has filed a petition in bankruptcy." *In re Washington,* 172 B.R. 415, 419 (Bankr.S.D.Ga.1994). The Eleventh Circuit Court of Appeals has applied the general definition of "willful violation" in determining whether a violation of the stay constituted an act of contempt. Under this general definition, conduct is considered a willful violation where (1) the creditor knew that the automatic stay was invoked; and (2) the creditor intended the actions which violated the stay. *In re Jove Engineering, Inc. v. IRS,* 92 F.3d 1539, 1555 (11th Cir.1996).

■ The Court determines that the conduct of the Internal Revenue Service in sending the letter to the Debtor constituted a violation of the automatic stay. In the letter, the Internal Revenue Service states its intention to charge the Debtor with the Trust Fund Recovery Penalty, and also states that the penalty would be assessed and collected as though it were a tax she owed directly. In the final paragraph of the letter, the Internal Revenue Service states that it "will begin collection action" if the Debtor does not respond within sixty days from the date of the letter. In view of this language, it is clear that the letter is an "act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case" within the meaning of Section 362(a)(6) of the Bankruptcy Code. The Court is not persuaded by the argument of the Internal Revenue Service that it intended the letter only as a means of "determining" the Debtor's tax liability. The letter itself states that the Internal Revenue Service intended to

assess and collect the penalty, and such assessment falls within the conduct prohibited by Section 362.

■ Further, it is clear that the violation of the stay was "willful," because the Internal Revenue Service had knowledge of the pendency of the Debtor's bankruptcy case at the time that it mailed the letter. The Service had been listed as a creditor in the papers initially filed by the Debtors, had been placed on the mailing matrix to receive notice in the case, and had actively appeared and participated in the adversary proceeding commenced by the Debtors in connection with the case. The letter therefore constitutes a "willful violation" of the automatic stay.

■ To recover under Section 362(h) of the Bankruptcy Code, however, a debtor must show not only the existence of a "willful violation," but must also show that he or she was injured by the violation.

The mandatory tone of section 362(h) does not, however, diminish a debtor's obligation to sufficiently prove his or her actual damages. 'A damage award [under 362(h) ] must not be based on "mere speculation, guess, or conjecture".'

*In re Washington,* 172 B.R. at 427. (Citations omitted.) This requirement is consistent with the language of Section 362(h) that mandates recovery for an individual "injured" by a willful violation.

This Court agrees with the reasoning set forth in *In re Brock Utilities & Grading, Inc.,* 185 B.R. 719 (Bankr.E.D.N.C.1995). In *Brock,* the Internal Revenue Service mailed a notice of intention to levy to the debtor after it had knowledge that the debtor had filed a bankruptcy case, and the debtor filed a motion to recover damages pursuant to Section 362(h) based on the violation of the stay. The court construed Section 362(h) as requiring the imposition of sanctions "[i]f a violation is 'willful' and the debtor has been injured." *In re Brock,* 185 B.R. at 720.

In *Brock,* the notice of intent to levy was generated and mailed by the Service's computer system, and the court found that the "willfulness" of such a computer-generated notice is a factual question that depends on

the particular circumstances of each case. The court also found, however, that it did not need to decide whether the violation in that case was willful because the debtor had not suffered any injury. *Id.* The only damages claimed by the debtor were its costs incurred in filing the motion under Section 362(h). The court noted that the debtor had not contacted the Internal Revenue Service prior to filing the motion, even though the debtor's attorney and a representative of the Internal Revenue Service previously had communicated with each other. It appeared, therefore, that the matter could have been resolved without resort to the court, and that the costs incurred in preparing and filing the motion were unnecessary. The court concluded that "there was no injured party in this case, and only an 'injured' party may recover under § 362(h)." *Id.* at 721.

In this case, as in *Brock,* there is nothing in the record to show that the Debtors suffered any damages other than the attorney's fees associated with filing the motion. There is no allegation that the Debtors incurred any expense in responding to the letter from the Internal Revenue Service, or that the tax penalty was actually assessed or paid. The only claim for damages that appears in the Motion consists of the "fees incurred up to and including the filing of this motion" in the approximate amount of $125. The court notes that the Debtor's attorney disclosed on his Statement of Compensation pursuant to Rule 2016(b) that he would charge the Debtors at the rate of $175 per hour for services rendered in connection with the case. Consequently, it appears that the Debtors' attorney spent less than forty-five minutes on this matter "up to and including the filing of this motion." The record does not reflect that any portion of this forty-five minutes included efforts to resolve the issue and obviate the need for court intervention. The Debtors have not shown that they are individuals "injured" by a violation of the stay within the meaning of Section 362(h) of the Bankruptcy Code.

Accordingly:

**IT IS ORDERED** that the Motion for Sanctions for Violation of Automatic Stay filed by the Debtors, Steven Charles Craine and Donna Maria Craine, is denied.