**In re Lynn Naomi CHAVIS, Debtor.**

**Bankruptcy No. 97–00311–5–ATS.**

United States Bankruptcy Court,
E.D. North Carolina,
Raleigh Division.

Oct. 8, 1997.

Michael Ryan Dyson, Layton, Dyson & Carraway, P.A., Raleigh, NC, for Debtor.

## ORDER IMPOSING SANCTIONS AGAINST WAKE MEDICAL CENTER

A. THOMAS SMALL, Chief Judge.

The matter before the court is the second motion filed by the chapter 7 debtor, Lynn Naomi Chavis, seeking sanctions against Wake Medical Center for violations of the automatic stay. A hearing was held in Raleigh, North Carolina on October 7, 1997.

Ms. Chavis filed a petition for relief under chapter 7 of the Bankruptcy Code on February 18, 1997, and on February 20, 1997, the debtor's creditors, including Wake Medical Center, were served by regular first-class mail with the Notice of Commencement of the debtor's case.

After the notice was sent to all creditors, Ms. Chavis received an invoice for $138.50 dated March 17, 1997, from Wake Medical Center that included a notation that "[t]he above accounts remain unpaid and without satisfactory payment arrangements. Payment in full is now due. Please contact our office within 15 days to avoid legal action by our attorneys. This will be the last notification prior to attorney referral."

The debtor filed a motion under 11 U.S.C. § 362(h) for sanctions against Wake Medical Center for its violation of the automatic stay. Wake Medical Center did not respond to the motion and did not attend the hearing that was held on July 9, 1997.

The court found that by sending the collection letter after notice of the debtor's bankruptcy, Wake Medical Center had willfully violated the automatic stay. In its opinion of July 24, 1997, the court stated: "The court is troubled by Wake Medical Center's apparent lack of respect for the automatic stay. Not only did it violate the stay, it did not respond to the debtor's motion and ignored the hearing." Nevertheless, finding that the debtor had not been injured and that debtor's counsel had not made a serious effort to contact Wake Medical Center concerning the viola-

tions prior to filing the motion, the court did not impose monetary sanctions.[1]

The court did, however, impose the sanction of a warning to Wake Medical Center that future willful stay violations, regardless of actual damage to the debtor, would result in monetary sanctions. Furthermore, the court ordered the chief executive officer of Wake Medical Center to acknowledge the warning by sending a letter to the bankruptcy clerk and to provide assurances by letter to the debtor that all future collection activities with respect to dischargeable prepetition debts would be terminated. The acknowledgment to the clerk and the written assurances were to be sent within 10 days of the order. According to the order, failure to provide the acknowledgment and assurances would "justify monetary sanctions in this case." Order of July 24, 1997 at p. 3.

Wake Medical Center did not provide the acknowledgment to the bankruptcy clerk and did not send the written assurances to the debtor. In fact, Wake Medical Center sent Ms. Chavis two more collection letters dated August 1, 1997, and September 1, 1997.

The debtor filed a second motion for sanctions which Wake Medical Center ignored. Counsel for the debtor represented that he called Wake Medical Center and advised its agent of the seriousness of these violations, but Wake Medical Center took no action and failed to attend the hearing on October 7.

To summarize, Wake Medical Center (1) violated the automatic stay by sending a collection letter after notice of the debtor's bankruptcy, (2) failed to respond to the debtor's first motion for sanctions, (3) failed to attend the hearing on July 9, 1997, (4) failed to comply with this court's order of July 24, 1997, by not providing an acknowledgment of this court's warning and by not giving assurances of collection termination to the debtor, (5) continued to violate the automatic stay after the court's order of July 24, 1997, by sending two collection letters to the debtor, (6) failed to respond to the debtor's second

---

**1.** This court recently adopted a local rule that provides that "[w]hen determining sanctions under 11 U.S.C. § 362(h), the court shall consider whether the moving party notified and gave the offending party an opportunity to cure the alleged violation." E.D.N.C. LBR 9029–1 (effective October 1, 1997).

motion for sanctions, and (7) failed to attend the second hearing on October 7, 1997.

■■■ "The automatic stay serves a crucial function in any bankruptcy case and willful violations under § 362(h) are serious matters warranting the mandatory imposition of sanctions that Congress has proscribed." *In re Brock Utilities & Grading, Inc.,* 185 B.R. 719, 720 (Bankr.E.D.N.C. 1995).

Wake Medical Center has ignored the automatic stay, the debtor's motions, and this court's order. Clearly, monetary sanctions are needed to get this creditor's attention. The court addressed a similar issue with respect to another hospital in this area and imposed a sanction of $3,000. Wake Medical Center's continued collection activities after the entry of this court's order of July 24, 1997, present more egregious circumstances that compel a more severe sanction.

Accordingly, **WAKE MEDICAL CENTER SHALL PAY $10,000 TO PEGGY B. DEANS, CLERK, U.S. BANKRUPTCY COURT, EASTERN DISTRICT OF NORTH CAROLINA, POST OFFICE DRAWER 2807, WILSON, NC 27894–2807 WITHIN 10 DAYS FROM THE DATE OF THIS ORDER AND SHALL PAY $1,000 IN ATTORNEY'S FEES TO MICHAEL RYAN DYSON, COUNSEL FOR THE DEBTOR, AT 4600–250 MARRIOT DRIVE, RALEIGH, NORTH CAROLINA, 27612, WITHIN 10 DAYS FROM THE DATE OF THIS ORDER.** The proceeds from the sanction paid to the Clerk shall be distributed by the Clerk in accordance with a future order of this court.

**SO ORDERED.**