**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 22-1511**

VIOLA MAE BRITTNER,

Debtor - Appellant,

v.

BEACH ANESTHESIA, LLC,

Defendant - Appellee.

Appeal from the United States District Court for the District of South Carolina, at Florence. Joseph Dawson, III, District Judge.  (4:21-cv-01917-JD)

Submitted:  December 1, 2022                           Decided:  June 23, 2023

Before GREGORY, Chief Judge, WILKINSON, Circuit Judge, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF**:  Matthew M. Breen, LOWCOUNTRY LAW, LLC, Mount Pleasant, South Carolina; David H. Breen, BREEN LAW FIRM, Myrtle Beach, South Carolina, for Appellant.  Richard R. Gleissner, GLEISSNER LAW FIRM, LLC, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Viola Mae Brittner filed an adversary proceeding against Beach Anesthesia, LLC, alleging a violation of the automatic stay in her Chapter 7 bankruptcy case. The bankruptcy court assumed Beach had violated the stay but held that Brittner failed to establish or mitigate damages. The district court affirmed the bankruptcy court's decision. Brittner appeals. Finding no reversible error, we affirm.

"[W]e review the factual findings of the bankruptcy court for clear error and the legal conclusions of the bankruptcy court and the district court de novo." *In re Pfister*, 749 F.3d 294, 298 (4th Cir. 2014). The Bankruptcy Code imposes a stay on "any act to collect, assess, or recover a claim against the debtor that arose before" the filing of a bankruptcy petition. 11 U.S.C. § 362(a)(6). "[A]n individual injured by any willful violation of" the stay "shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k)(1). The parties agree that Brittner needed to satisfy a five-part test to establish a violation of the automatic stay:

> (1) that a bankruptcy petition was filed, (2) that the debtors are individuals under the automatic stay provision, (3) that the creditors received notice of the petition, (4) that the creditor's actions were in willful violation of the stay, and (5) that the debtors suffered damages.

*In re Warren*, 532 B.R. 655, 660 (Bankr. D.S.C. 2015) (cleaned up).

We conclude that Brittner failed to establish damages. Her damages center on two categories—emotional distress and attorney's fees and costs. "An award of compensatory emotional distress damages requires evidence establishing that the plaintiff suffered demonstrable emotional distress, which must be sufficiently articulated; neither conclusory

2

statements that the plaintiff suffered emotional distress nor the mere fact that a violation occurred supports an award of compensatory damages." *Doe v. Chao*, 306 F.3d 170, 180 (4th Cir. 2002) (cleaned up); *see also Lodge v. Kondaur Cap. Corp.*, 750 F.3d 1263, 1271 (11th Cir. 2014) (applying similar standard for debtor seeking emotional distress damages for creditor's violation of automatic stay). Thus, "[a] plaintiff's own conclusory allegations that [s]he felt embarrassed, degraded, or devastated, and suffered a loss of self-esteem, will not suffice." *Doe*, 306 F.3d at 180 (internal quotation marks omitted). By contrast, we have found that "a plaintiff [who] can produce evidence that emotional distress caused chest pains and heart palpitations, leading to medical and psychological treatment which included a formal diagnosis of major depressive disorder, as well as necessitated prescription medication" was entitled to emotional distress damages. *Id.* (internal quotation marks omitted).

The bankruptcy court did not clearly err in finding that Brittner did not establish emotional distress damages. Brittner testified that she was anxious and suffered increased heart palpitations. But as the bankruptcy court emphasized, she suffered from a preexisting heart condition, and she did not see her cardiologist for two months. And Brittner provided no medical documentation to support her assertions.

Turning to the issue of attorney's fees and costs, we agree with the bankruptcy court that Brittner's counsel's conduct caused most of her damages and ratcheted up the amount of costs and fees. Brittner should not be entitled to a windfall based on her attorney's actions, whether awarded under 11 U.S.C. § 105(a) or 11 U.S.C. § 362(k)(1). *See, e.g.*, *In re Preston*, 333 B.R. 346, 351 (M.D.N.C. 2005) (finding the only damages—attorney's

3

fees and costs associated with the request for sanctions—were manufactured by counsel and "could have easily been mitigated"); *In re Sammon*, 253 B.R. 672, 681-82 (Bankr. D.S.C. 2000) (holding a debtor could have mitigated damages by engaging in timely corrective action with creditor); *In re Craine*, 206 B.R. 594, 597-98 (Bankr. M.D. Fla. 1997) (holding damages not appropriate when only damages were costs associated with filing contempt motion and matter could have been resolved without court intervention).

Accordingly, we affirm the district court's order affirming the bankruptcy court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*